'24CV0210 L      DEB

# EXHIBIT A



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

01/22/2024

IHG Management (Maryland) LLC
Kim Crumbley
Six Continents Hotels, Inc.
3 Ravinia Drive, Suite 100
Atlanta GA 30346

# SERVICE OF PROCESS NOTICE

Item: 2024-38

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | IHG Management (Maryland) LLC |
|---|---|---|
| 2. | Title of Action: | Robert Martinez, et al. vs. IHG Management (Maryland) LLC, et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Plaintiff's Peremptory Challenge of the Honorable Keri Katz, et al. |
| 4. | Court/Agency: | San Diego County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 37-2023-00056196-CU-OE-CTL |
| 7. | Case Type: | Unpaid Wages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 01/16/2024 |
| 10. | Date to Client: | Monday 01/22/2024 |
| 11. | # Days When Answer Due: <br> Answer Due Date: | 30 <br> Thursday 02/15/2024 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender: <br> (Name, City, State, and Phone Number) | Jamie K. Serb, Esq. <br> Beverly Hills, CA <br> 866-276-7637 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Please note an unexpected delay in delivery of the document was experienced due to extreme weather conditions. We apologize for any inconvenience. <br> Please note there are other Due Dates listed in the document <br> Also Attached: * Notice of Case Assignment and Case Management Conference (Civil) <br> * Alternative Dispute Resolution (ADR) Information, etc |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/28/2023** at 05:23:18 PM

Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego - Hall of Justice<br><br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):* 37-2023-00056196-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (866) 276-7637

| DATE:<br>*(Fecha)* December 29, 2023 | Clerk, by<br>*(Secretario)* J. Quirarte<br>I. Quirarte | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
     *IHG Management (Maryland) LLC*
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

1  JAMIE K. SERB, ESQ. (SBN 289601)
   jamie@crosnerlegal.com
2  BRANDON BROUILLETTE, ESQ. (SBN 273156)
   bbrouillette@crosnerlegal.com
3  ZACHARY M. CROSNER, ESQ. (SBN 272295)
   zach@crosnerlegal.com
4  **CROSNER LEGAL, PC**
5  9440 Santa Monica Blvd. Suite 301
   Beverly Hills, CA 90210
6  Tel: (866) 276-7637
   Fax: (310) 510-6429
7
8  Attorneys for Plaintiff ROBERT MARTINEZ
   As an individual on behalf of PLAINTIFF and
9  on behalf of all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/28/2023** at 05:23:16 PM
Clerk of the Superior Court
By Ines Quirarte,Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF SAN DIEGO**

12  ROBERT MARTINEZ, as an individual    Case No.: 37-2023-00056196-CU-OE-CTL
13  and on behalf of all others similarly
    situated,
14                                       **CLASS ACTION COMPLAINT FOR:**
15          Plaintiff,                   1.  **Recovery of Unpaid Minimum Wages**
                                             **and Liquidated Damages**
16  v.                                   2.  **Recovery of Unpaid Overtime Wages**
17                                       3.  **Failure to Provide Meal Periods or**
    IHG MANAGEMENT (MARYLAND)                **Compensation in Lieu Thereof**
18  LLC, a Maryland Limited Liability
    Company; INTER-CONTINENTAL           4.  **Failure to Provide Rest Periods or**
19  HOTELS CORPORATION, a Delaware           **Compensation in Lieu Thereof**
    Corporation; INTERCONTINENTAL        5.  **Failure to Furnish Accurate Itemized**
20  HOTELS GROUP RESOURCES, LLC, a           **Wage Statements**
    Delaware Limited Liability Company; and
21  DOES 1-100, inclusive,               6.  **Failure to Timely Pay All Wages Due**
                                             **Upon Separation of Employment**
22          Defendants.                  7.  **Failure to Reimburse Business Expenses**
                                             **and**
23
                                         8.  **Unfair Competition**
24
25                                       **DEMAND FOR JURY TRIAL**
26
27
28
                                      1
   PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff, ROBERT MARTINEZ, ("PLAINTIFF"), an individual on behalf of PLAINTIFF,
2    and all other similarly situated Class Members (as defined below), hereby files this Complaint
3    against Defendants IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability
4    Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation;
5    INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability
6    Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS").
7    PLAINTIFF is informed and believes and thereon alleges as follows:

8                                    **JURISDICTION AND VENUE**

9        1.       This court possesses original subject matter jurisdiction over this matter. Venue is
10   proper in the County of San Diego pursuant to California Code of Civil Procedure section 395.5
11   because DEFENDANTS transact business within this judicial district, DEFENDANTS employed
12   PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by
13   PLAINTIFF herein occurred in this this judicial district.

14                                         **THE PARTIES**

15       2.       PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of
16   California and a citizen of the State of California.

17       3.       PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job
18   position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF
19   worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)
20   from in or around April 2023 through on or around October 1, 2023.  PLAINTIFF worked for
21   DEFENDANTS at DEFENDANTS' San Diego, California locations(s).

22       4.       Defendant IHG MANAGEMENT (MARYLAND) LLC is a Maryland Limited
23   Liability Company that, at all relevant times, was authorized to do business within the State of
24   California and is doing business in the State of California.

25       5.       Defendant INTER-CONTINENTAL HOTELS CORPORATION is a Delaware
26   Corporation that, at all relevant times, was authorized to do business within the State of California
27   and is doing business in the State of California.

28       6.       Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC is a

1  Delaware Limited Liability Company that, at all relevant times, was authorized to do business within
2  the State of California and is doing business in the State of California.

3          7.      DEFENDANTS own, operate, manage and/or staff its employees to work at the
4  hotels, resorts, restaurants and/or other facilities and/or other location(s) in California, including but
5  not limited to, hotels and/or resorts and/or restaurants and/or other facilities located in San Diego,
6  California.   Based on information and belief, IHG operates multiple hotels, resorts and/or other
7  facilities including but not limited to, hotels and/or resorts operating under at least nineteen (19)
8  brand names, including but not limited to, hotels and/or resorts operating under the brand name(s)
9  "Intercontinental" and/or "Intercontinental Hotels & Resorts". DEFENDANTS, through its various
10 locations, serve the hospitality industry.[1]

11         8.      The true names and capacities of the DOE Defendants sued herein as DOES 1
12 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such
13 Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally
14 responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this
15 Complaint to reflect the true names and capacities of the Doe Defendants when such identities
16 become known.

17         9.      PLAINTIFF is further informed and believes that, at all relevant times, each
18 Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,
19 controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
20 predecessor in interest of some or all of the other Defendants, and was engaged with some or all of
21 the other defendants in a joint enterprise for profit, and bore such other relationships to some or all
22 of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this
23 complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant
24 acted pursuant to and within the scope of the relationships alleged above, and that at all relevant
25 times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,
26 controlled, aided and abetted the conduct of all other Defendants.

27  _____

28  [1] *See* https://www.ihg.com/content/us/en/about/brands.  Last visited on December 28, 2023.

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

## JOINT LIABILITY

2      10.    Under California law, the definition of the terms "to employ" are broadly construed

3 under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to

4 exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3)

5 to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49

6 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control

7 was to reach situations in which multiple entities control different aspects of the employment

8 relationship. Supervision of the work, in the specific sense of exercising control over how services

9 are properly performed, is properly viewed as one of the "working conditions" mentioned in the

10 wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a

11 temporary employment agency) hires and pays a worker, and the other entity supervises the work.

12 *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in

13 California, applying a less stringent standard to what constitutes sufficient control by a business

14 over its vendor's employees' wages and working conditions to render that business liable as a joint

15 employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative

16 joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the

17 wages, hours, or working conditions of the employee, that is a sufficient showing of joint

18 employment," *Id.* at 875 [emphasis added].

19      11.    During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class

20 Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage

21 Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court

22 in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages,

23 hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted

24 PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class

25 Members to work for them.

26      12.    PLAINTIFF is informed and believes, and thereon alleges that at all relevant times

27 DEFENDANTS operated as a single integrated enterprise with common ownership and centralized

28 human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices

4

across all of their locations/facilities and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4) DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

13.     For example, DEFENDANTS, and each of them, maintain the same agent for service of process and principal business office as provided to the California Secretary of State and based on information and belief, maintain some of the same attorneys and/or human resources personnel to oversee employment related matters. PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members.

14.     Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members'

1  employment with or without cause. Upon information and belief, DEFENDANTS further
2  collectively represented to PLAINTIFF and Class Members in writing the details of their
3  compensation, and the manner in which they were to take meal and rest periods, the procedures
4  required by DEFENDANTS collectively for recordation of hours worked and the policies applicable
5  to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage
6  rates of PLAINTIFF and Class Members.

7      15.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours
8  and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively
9  held the right to control virtually every aspect of PLAINTIFF's and the Class Members'
10 employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF
11 seeks relief in this Complaint.

12     16.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same
13 control over, applied the same policies and practices, and engaged in the same acts and omissions
14 with regard to the other Class Members.

15                          **CLASS ALLEGATIONS**

16     17.    PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly
17 situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF
18 seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

19              All current and former non-exempt employees that worked either
20              directly or via a staffing agency for any one or more of the
21              DEFENDANTS at any location in California at any time within the
22              four years prior to the filing of the initial Complaint ("Class Period").

23          a. Numerosity. While the exact number of Class Members is unknown to
24              PLAINTIFF at this time, the Class is so numerous that the individual joinder of
25              all members is impractical under the circumstances of this case. PLAINTIFF is
26              informed and believes the Class consists of at least 100 individuals.

27          b. Common Questions of Law and Fact. This lawsuit is suitable for class treatment
28              because common questions of law and fact predominate over individual issues.

Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c. Ascertainable Class. The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. Typicality. PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. Adequacy. PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other

7

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## **FACTUAL AND LEGAL ALLEGATIONS**

18. During the relevant period, PLAINTIFF and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

19. PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)

8

1 from in or around April 2023 through on or around October 1, 2023.

2   20. PLAINTIFF worked for DEFENDANTS at DEFENDANTS' San Diego, California

3 location(s). DEFENDANTS assigned PLAINTIFF to work at DEFENDANTS' facilities located in

4 San Diego, California, including but not limited to, at DEFENDANTS' restaurants and/or bars

5 and/or other facilities located within one of DEFENDANTS' hotel(s) and/or resort(s) in San Diego,

6 California.

7   21. PLAINTIFF regularly worked at least ten (10) hours per day when working for

8 DEFENDANTS as a server and/or similar title(s) and/or position(s), and at least eight (8) to sixteen

9 (16) hours per day hours when working as a non-exempt supervisor and/or similar title(s) and/or

10 position(s). PLAINTIFF regularly worked at least five (5) days per week.

11   22. DEFENDANTS paid PLAINTIFF an hourly rate for time counted by

12 DEFENDANTS as hours worked. At all relevant times, PLAINTIFF was a non-exempt employee

13 that was paid on an hourly basis for time counted by DEFENDANTS as hours worked.

14   23. **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate

15 PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum

16 and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all

17 hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and

18 failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise

19 unlawful practices for missed or improper meal periods, as explained below.

20   24. Based on information and belief, DEFENDANTS implemented a policy and/or

21 practice of rounding meal period start and end times and/or automatically deducting at least thirty

22 minutes per shift for meal periods, despite having actual and/or constructive knowledge that

23 PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

24 meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and

25 Class Members of all wages owed.

26   25. Based on information and belief, Class Members were not paid for all hours worked

27 due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked

28 instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

26.     For example, as explained below, based on information and belief, DEFENDANTS would unlawfully edit the clock in and out times for PLAINTIFF's and other Class Members' meal periods in order to display at least a thirty minute off-duty meal period during most if not all shifts worked, notwithstanding the fact that DEFENDANTS had actual and/or constructive knowledge that DEFENDANTS had required PLAINTIFF and other Class Members' to perform work-related tasks during their meal periods.

27.     Based on information and belief, DEFENDANTS required Class Members to be at their assigned workstations at the start of a scheduled shift, thereby forcing Class Members to gather work-related equipment and/or safety gear, make any necessary adjustments to tools/equipment and/or perform maintenance/cleaning tasks, don work clothing/uniforms and/or protective equipment, and/or complete other work tasks prior to their scheduled shift and/or prior to clocking in/signing in, thereby resulting in pre-shift off-the-clock work.

28.     Based on information and belief, Class Members were required to complete other off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in off-the-clock work and the underpayment of minimum and overtime wages owed to Class Members.

29.     For example, based on information and belief, DEFENDANTS required Class Members to clock out for the end of their shifts but to continue working due to the need to return/maintain tools, clean and/or organize their work stations/areas, provide shift status updates and/or debriefings and/or participate in work meetings, respond to work-related communications and/or perform other work tasks off-the-clock, resulting in the underpayment of minimum wages and overtime wages owed to Class Members.

30.     Based on information and belief, DEFENDANTS did not compensate Class Members for time spent donning and doffing personal protective equipment and/or uniforms (e.g., rubber gloves, hairnets, aprons, hats, and/or face masks) during meal periods, before the start of a scheduled shift, and/or after completing a scheduled shift, resulting in the underpayment of wages owed to Class Members.

31.     Based on information and belief, at times, Class Members were required to complete

10

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  off-the-clock work outside of scheduled shifts due to work-related phone calls and/or messages they
2  received to their phones/mobile devices and were required to respond to, including but not limited
3  to, communications from supervisors regarding scheduling and/or other work tasks, resulting in the
4  underpayment of wages owed to Class Members.

5      32.    PLAINTIFF and other Class Members were required to perform other off-the-clock
6  work for which they were not compensated.  For example, based on information and belief, at times,
7  DEFENDANTS' biometric/electronic/POS employee time-keeping system malfunctioned such that
8  Class Members were required to either reinitiate and/or otherwise troubleshoot the system prior to
9  being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock
10  back in from meal periods, resulting in off-the-clock work and the underpayment of wages owed to
11  Class Members.  Based on information and belief, Class Members experienced the same issues when
12  clocking out for shifts and/or back in for meal periods.  This time spent under DEFENDANTS'
13  control was not recorded and not compensated and resulted in unpaid minimum wages owed to
14  Class Members.

15      33.    Moreover, based on information and belief, Class Members who opened their work
16  locations were required to first unlock the doors, turn on all the lights in the restaurant/facility and/or
17  deactivate the alarm before clocking in for work, resulting in pre-shift off-the-clock work and the
18  underpayment of wages owed to Class Members. Based on further information and belief, Class
19  Members in charge of closing their location(s) were required to first clock out for their shifts before
20  enabling the alarm, turning off all the lights in the facility and/or locking the doors. This resulted in
21  additional off-the-clock post-shift work that was not compensated and the underpayment of wages
22  owed to Class Members.

23      34.    Based on information and belief, DEFENDANTS required Class Members to
24  undergo COVID-19 temperature screenings and/or complete questionnaires prior to beginning their
25  scheduled shift and/or prior to clocking/signing in, thereby, resulting in pre-shift off-the-clock work.

26      35.    Based on information and belief, at times, DEFENDANTS require/required Class
27  Members to travel around and/or between DEFENDANTS' restaurants, hotels, offices, facilities
28  and/or locations without compensating Class Members for the travel time.

36.     For example, based on information and belief, due to scheduling issues and/or understaffing, Class Members were at times required after working at their scheduled facility location to cover a shift at another of DEFENDANTS' restaurants/facilities/locations but were not compensated for the time spent driving to the second restaurant/facility, resulting in the underpayment of minimum and overtime wages owed to Class Members. Based on information and belief, DEFENDANTS failed to compensate Class Members for all time spent completing DEFENDANTS' required trainings and/or courses (e.g., food safety and/or food handler courses) and/or testings and/or certifications (e.g., food handler certifications).

37.     Based on information and belief, DEFENDANTS failed to pay Class Members the applicable minimum wage for the county and/or city within which the Class Member worked in California.

38.     Moreover, based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift premium wages when they worked split shifts during the relevant period.  For example, based on information and belief, at times, DEFENDANTS required PLAINTIFF and/or other Class Members to work two separate shifts in the same day. Based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift compensation whenever PLAINTIFF's and/or other Class Members' work schedules were interrupted by non-paid non-working periods established by DEFENDANTS, which resulted in a violation of the applicable Wage Order (See section 4 of all applicable Wage orders, "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday…). See, also, Cal. Code Regs. Tit. 8, § 11050 (when an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment). DEFENDANTS also failed to separately itemize these split shift premium wages on PLAINTIFF's and/or other Class Members' wage statements, in violation of Labor Code sections 510, 1194 and all applicable IWC Wage Orders. See, https://www.dir.ca.gov/dlse/split_shift.htm. (The employer must itemize the premium payment on the pay stub provided to the employee, and it should be shown as a separate category such as "Split Shift Premium" and should not be lumped

into another category such as wages, bonus, etc. DEFENDANTS failed to separately account for the split shift premiums earned by PLAINTIFF and/or other Class Members on their wage statements.

39. Based on information and belief, DEFENDANTS failed to pay Class Members for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing various documents and policies provided by DEFEDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

40. Based on further information and belief, DEFENDANTS implemented a time-rounding system that as applied systematically deprived PLAINTIFF and other Class Members of compensable time because the time-rounding system implemented by DEFENDANTS would almost always, if not always, result in understating actual compensable work time.

41. DEFENDANTS' failure to pay for all time worked by virtue of its time rounding, auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for those Class Members who worked more than eight (8) hours in a day and/or more than forty (40) hours in a week.

42. Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of California's minimum and overtime wage laws.

43. Based on information and belief, DEFENDANTS failed and continue to fail to pay Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in violation of California's overtime laws.

44. Based on information and belief, DEFENDANTS failed to incorporate all non-

1  discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or
2  other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s),
3  resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other
4  Class Members.

5      45.  **Meal Period Violations**. PLAINTIFF and other Class Members consistently worked
6  shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,
7  PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first
8  and second meal periods. Based on information and belief, Class Members were consistently unable
9  to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late
10 meal periods, interrupted meal periods, and/or work through part or all their meal periods due to
11 understaffing, the nature and constraints of their job duties and/or commentary from supervisors
12 pressuring them to take non-compliant meal periods or skip meal periods completely.

13     46.  For example, based on information and belief, Class Members were forced to take
14 late meal periods in order to complete assigned job duties. Based on information and belief, Class
15 Members were at times interrupted during purported meal periods and/or had meal periods cut short
16 and/or restricted to DEFENDANTS' premises due to the need to continue assigned job duties.

17     47.  For example, when working for DEFENDANTS as a server and/or similar title(s)
18 and/or position(s), PLAINTIFF was required to sometimes take his meal periods late and/or take
19 shortened and/or interrupted meal periods and/or work through his meal periods completely.

20     48.  When working for DEFENDANTS as a non-exempt supervisor and/or similar title(s)
21 and/or position(s), PLAINTIFF was forced to work through his first meal periods during
22 approximately at least half of his shifts due to understaffing and/or lack of relief workers.

23     49.  For example, at times, PLAINTIFF worked shifts lasting at least sixteen (16) hours
24 long without receiving any meal periods during those shifts.

25     50.  Also, per DEFENDANTS' unlawful meal period policies and practices,
26 DEFENDANTS failed to relieve PLAINTIFF and other Class Members of all duties and
27 DEFENDANTS' control during unpaid meal periods by including but not limited to, restricting
28 PLAINTIFF and other Class Members to the worksite premises during purportedly off-duty meal

1  periods, resulting in denied meal periods as well as DEFENDANTS' failure to compensate

2  PLAINTIFF and other Class Members for all hours worked.

3      51.    Based on information and belief, other Class Members were consistently suffered

4  and permitted to take meal periods past the fifth hour of work and/or had their meal periods

5  interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to

6  commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or

7  the need to meet DEFENDANTS' goals and expectations.

8      52.    Based on information and belief, DEFENDANTS implemented policies and/or

9  practices that failed to relieve Class Members of all duties and DEFENDANTS' control during

10  unpaid meal periods.

11      53.    Based on information and belief, DEFENDANTS required Class Members to

12  complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take

13  into account when scheduling meal periods for Class Members. Based on information and belief,

14  meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

15      54.    Based on information and belief, despite DEFENDANTS' failure to provide lawful

16  meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end

17  times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at

18  least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having

19  actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive

20  lawful meal periods.

21      55.    Moreover, per DEFENDANTS' uniform policy and practice, Class Members who

22  worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute

23  second meal period.

24      56.    For example, when PLAINTIFF worked shifts lasting longer than ten (10) and/or

25  twelve (12) hours, PLAINTIFF was not provided with any second meal period.

26      57.    Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and

27  other Class Members as to the timing and duty-free nature of meal periods. Based on further

28  information and belief, DEFENDANTS did not have a written meal period policy, nor did

15

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   DEFENDANTS have any sort of compliant policy in practice.

2       58.   Moreover, based on information and belief, DEFENDANTS failed to keep accurate

3 records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based

4 on information and belief, to the extent meal period were recorded, DEFENDANTS illegally

5 rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class

6 Members not being paid for all time worked as well as late and/or shortened meal periods. *See*

7 *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

8       59.   Based on information and belief, DEFENDANTS had actual and/or constructive

9 knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which

10 were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation

11 of California's meal period laws.

12       60.   DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional

13 hour of wages at their respective regular rates of compensation for each workday a lawful meal

14 period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each

15 workday a lawful meal period was not provided and/or failed to pay the proper meal period premium

16 for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses,

17 shift differential pay and/or other non-discretionary compensation into the regular rate or

18 compensation for purposes of calculating the owed meal period premium.

19       61.   **Rest Period Violations.** DEFENDANTS did not properly authorize and provide

20 PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4)

21 hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the

22 work period, as required by law.

23       62.   PLAINTIFF and other Class Members were not adequately informed, authorized,

24 instructed about, nor permitted an opportunity to take proper rest periods per California law. Based

25 on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of

26 duty-free rest periods.

27       63.   Based on information and belief, DEFENDANTS did not have a have a compliant

28 written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in

1 | practice.

2 |     64.    For example, based on information and belief, Class Members were unable to take
3 | compliant rest periods due to their need to complete assigned job duties and/or were unable to take
4 | a net ten-minute rest period in a suitable rest area and/or had purported rest periods restricted to
5 | DEFENDANTS' premises.

6 |     65.    Based on information and belief, Class Members' rest periods were interrupted, cut
7 | short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of
8 | their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest
9 | periods completely or otherwise take non-compliant rest periods.

10 |     66.    Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts
11 | lasting longer than ten hours.

12 |     67.    Based on information and belief, DEFENDANTS implemented policies and/or
13 | practices that failed to relieve PLAINTIFF and other Class Members of all duties and
14 | DEFENDANTS' control during rest periods.

15 |     68.    Based on information and belief, Class Members were pressured to complete their
16 | work duties according to a designated schedule such that rest periods were only taken once tasks
17 | were completed, and/or as time permitted.

18 |     69.    Furthermore, DEFENDANTS failed to pay a rest period premium for each day in
19 | which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of
20 | California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a
21 | proper rest period was not provided and/or failed to pay the proper rest period premium for failure
22 | to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift
23 | differential pay, and/or other non-discretionary compensation into the regular rate of compensation
24 | for purposes of calculating the owed rest period premium.

25 |     70.    **Inaccurate Wage Statements.** During the relevant period, DEFENDANTS failed to
26 | provide PLAINTIFF and other Class Members with accurate wage statements that complied with
27 | Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with
28 | meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS

17

1   issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross

2   wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

3   during the pay period and the corresponding number of hours worked at each hourly rate by the

4   employee.

5        71.    DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also

6   failed to indicate the earned gross and net wages earned during the pay period, the correct applicable

7   rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members

8   (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class

9   Members of all duties and employer control during unpaid meal periods, payment according to

10   scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies

11   and practices) which results in a violation of Labor Code section 226(a).

12        72.    Separately, and independent of the above allegations, based on information and

13   belief, DEFENDANTS issued wage statements to Class Members that failed to list the total hours

14   worked, in violation of including but not limited to, Labor Code section 226 (a)(2).

15        73.    As described herein, based on information and belief, DEFENDANTS also failed to

16   incorporate all forms of non-discretionary compensation earned during the pay period into the

17   overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour

18   of overtime worked by PLAINTIFF and other Class Members.

19        74.    Based on information and belief, wage statements issued by DEFENDANTS failed

20   to list the inclusive dates of the pay period for which the Class Member is being paid.

21        75.    For example, based on information and belief, wage statements issued by

22   DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is

23   being paid. For example, based on information and belief, at times, DEFENDANTS issued wage

24   statements to Class Members containing payment for hours worked during previous pay periods,

25   yet DEFENDANTS' wage statements do not include the inclusive dates of the accurate pay period

26   for that retroactive pay, further failing to list the total hours worked for the pay period, including but

27   not limited to, the total hours worked for the pay period the retroactive pay corresponds with.

28        76.    For example, based on information and belief, at times, DEFENDANTS issued wage

statement(s) to Class Members that list a category for "Retro" pay without including the inclusive dates of the accurate pay period for that "Retro" pay, further failing to list the total hours worked for the pay period, including but not limited to, the total hours worked for the pay period the retroactive pay corresponds with, in violation of including but not limited to, Labor Code section 226(a)(2) and/or Labor Code section 226(a)(6).

77.   Based on information and belief, wage statements issued by DEFENDANTS failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at hear hourly rate by the employee, in violation of including but not limited to, Labor Code section 226(a)(9).

78.   For example, based on information and belief, wage statements issued by DEFENDANTS to Class Members failed to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9) due to DEFENDANTS' failure to list an overtime rate category at all and/or failure to list a category containing the proper overtime rate.

79.   As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that were not accurate and did not include all of the statutorily required information. As such, DEFENDANTS violated Labor Code section 226.

80.   **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due and owing upon termination or resignation. Based on information and belief, DEFENDANTS untimely provide final wages to Class Members without regard to the timing requirements of Labor Code sections 201-202.

81.   Upon separation of employment, Class Members' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all wages owed as they were devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates (including but not limited to, all owed vacation pay/paid time off paid at the

19

1  final rate including non-discretionary compensation, including but not limited to, shift
2  differentials)..

3      82.    Based on further information and belief, DEFENDANTS failed to timely provide all
4  owed wages immediately upon discharge of employment. Based on information and belief, at times,
5  Class Members experienced breaks in employment caused by DEFENDANTS whereby Class
6  Members would not be called in for work for longer than a single pay period due to including but
7  not limited to DEFENDANTS' lack of work or lack of assignments. Such instances qualify as a
8  discharge of employment. Yet, DEFENDANTS failed to timely pay all owed wages at the end of
9  such periods of employment, in violation of including but not limited to Labor Code section 201-
10 202.

11     83.    These violations subject DEFENDANTS to civil penalties under Labor Code section
12 203, 210, and/or 256.

13     84.    **Unreimbursed Business Expenses**. Based on information and belief,
14 DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct
15 consequence of the performance of their job duties without providing reimbursement, in violation
16 of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members
17 were improperly required to provide and maintain work tools that are supposed to be the
18 responsibility of the employer.

19     85.    Based on information and belief, DEFENDANTS shifted the costs of doing business
20 onto PLAINTIFF and other Class Members requiring them to pay for business expenses including
21 but not limited to, uniforms/work clothing/work shoes, personal protective/safety gear and/or the
22 use of Class Members' personal mobile phone and data usage for work-related purposes including
23 but not limited to receiving and responding to work-related messages and/or phone calls.

24     86.    For example, on information and belief, Class Members received calls/messages to
25 their personal cell phones/mobile devices from supervisors and/or other Class Members regarding
26 scheduling and/or other work tasks but were not provided any and/or full reimbursement from
27 DEFENDANTS for these business expenses incurred as a result of being required to use their
28 personal cell phone(s)/mobile device(s) to carry out their assigned job duties.

87.     For example, PLAINTIFF was required to use his personal cell phone/mobile device for work, including but not limited to, to make and/or receive work-related calls and/or messages. For example, oftentimes PLAINTIFF's supervisor(s) called PLAINTIFF on PLAINTIFF's personal mobile device including but not limited to, during work hours.  DEFENDANTS did not provide PLAINTIFF with any and/or full reimbursement for the business expenses PLAINTIFF incurred in connection with being required to use his personal cell phone/mobile device to carry out his assigned job duties, including without limitation, expenses associated with increased data plan charges. Based on information and belief, Class Members were not reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear.

88.     For example, based on information and belief, Class Members were not reimbursed for the costs of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear, such as, but not limited to, face masks, gloves, hairnets and/or work shoes. Based on information and belief, at times, DEFENDANTS required Class Members to use their personal vehicles for work without reimbursing them for the personal vehicle expenses they incurred in connection therewith.

89.     For example, based on information and belief, at times, DEFENDANTS required Class Members to travel from one of DEFENDANTS' hotels/resorts/facilities/restaurants to a second of DEFENDANTS' hotels/resorts/facilities/restaurants for work and/or otherwise required Class Members to use their personal vehicles to carry out their assigned job duties without reimbursing Class Members for the expenses incurred in connection with DEFENDANTS' business use of their personal vehicles.

90.     As such, DEFENDANTS failed to reimburse Class Members at the legally mandated Internal Revenue Service (IRS) per mile compensation rates in effect during the relevant period.

91.     As explained above, based on information and belief, Class Members were not reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear.

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

92.     Based on information and belief, DEFENDANTS regularly failed to reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by DEFENDANTS.

93.     DEFENDANTS' failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

94.     PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

### FIRST CAUSE OF ACTION
**Recovery of Unpaid Minimum Wages and Liquidated Damages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

95.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

96.     It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale.

97.     Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

98.     DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked (described above), which resulted in the failure to account for all hours worked and thus the denial of minimum wages.

99.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

100.    Based on information and belief, DEFENDANTS had actual or constructive knowledge that its time-rounding policies and practices, auto-deduction policies and practices for meal periods, failure to relieve employees of all duties and employer control during unpaid meal periods, policy and practice of payment according to scheduled work time rather than actual work time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

101.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### Recovery of Unpaid Overtime Wages
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

102.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

103.    Employees in California must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of work in a workweek, and they must be paid double the regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek, unless they are exempt.

104.    PLAINTIFF and the Class Members worked overtime hours for which they were not compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

23

other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked (described above), and/or other unlawful policies and/or practices described above which resulted in unpaid minimum and overtime wages which resulted in the failure to account for all hours worked and thus the denial of all owed overtime wages.

105.    Based on information and belief, DEFENDANTS failed to pay twice Class Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in violation of California's overtime laws.

106.    Based on information and belief, DEFENDANTS further violated California's overtime wage laws by failing to incorporate all non-discretionary compensation, including but not limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and other Class Members.

107.    DEFENDANTS' conduct described above is in violation of California Labor Code sections 510 and 1194 and all applicable Wage Orders.

108.    PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

109.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

110.    Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute meal break free from all duties and employer control for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day

is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

111.    Employers must pay employees an additional hour of wages at the employees' regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, first meal period provided after five (5) hours, second meal period provided after 10 hours). Lab. Code § 226.7.

112.    As explained above, PLAINTIFF and other Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all of their meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

113.    Based on information and belief, DEFENDANTS had and continue to have a policy of rounding the start and end times of employees' meal periods and/or automatically deducting thirty minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class Members did not receive compliant meal periods.

114.    Moreover, based on information and belief, Class Members did not receive a timely, uninterrupted second meal period when working shifts over ten (10) hours in a workday.

115.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had actual and/or constructive knowledge that its time-rounding and auto-deduction policies and practices, other unlawful policies and practices resulted in the denial of compliant meal periods in violation of California's meal period laws.

116.    DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

1  periods in violation of California law and/or failed to pay the proper meal period premium for failure

2  to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift

3  differential pay and/or other non-discretionary compensation into the regular rate or compensation

4  for purposes of calculating the owed meal period premium.

5       117.   As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

6  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day

7  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,

8  all in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

9

10

11       118.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

12       119.   Labor Code section 226.7 and all applicable IWC Wage Orders require an employer

13  to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours

14  worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period

15  "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), the

16  California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts

17  from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10

18  hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029).

19  The rest period requirement obligates employers to permit and authorize employees to take off-duty

20  rest periods, meaning employers must relieve employees of all duties and relinquish control over

21  how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

22       120.   If the employer fails to provide any required rest period, the employer must pay the

23  employee one hour of pay at the employee's regular rate of compensation for each workday the

24  employer did not provide at least one legally required rest period, pursuant to Labor Code section

25  226.7.

26       121.   Moreover, under California law rest periods must be a "net" ten minutes in a suitable

27  rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards

28  Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest

1   periods means ten minutes of time in a rest area and cannot include time it takes to get to and from

2   the rest area). The employer must show that it clearly articulates the right to a net ten minutes,

3   which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what

4   happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in

5   the rest area). *Id.*; see also, *Bufil v. Dollar Fin. Grp., Inc.*, (2008) 162 Cal. App. 4th 1193, 1199 (the

6   "onus is on the employer to clearly communicate the authorization and permission [to take rest

7   periods] to its employees.").

8       122.  PLAINTIFF and the Class Members did not receive legally compliant, timely 10-

9   minute rest periods for every four (4) hours worked or major fraction thereof. As explained above,

10   any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to

11   DEFENDANTS' control due to the nature and constraints of Class Members' job duties,

12   understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to

13   skip rest periods completely or otherwise take non-compliant rest periods.

14       123.  Based on information and belief, DEFENDANTS implemented policies and/or

15   practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer

16   control during rest periods. Based on further information and belief, Class Members were pressured

17   to complete their work duties according to a designated schedule such that rest periods were only

18   taken once tasks were completed, and/or as time permitted.

19       124.  As a result, PLAINTIFF and Class Members did not receive legally compliant first,

20   second, or third rest periods as required by California law.

21       125.  Moreover, based on information and belief, DEFENDANTS failed to pay a rest

22   period premium to PLAINTIFF and other Class Members for each workday in which there was a

23   missed or otherwise unlawful rest period. Based on further information and belief, when a rest

24   premium was paid, DEFENDANTS failed to include non-discretionary compensation including but

25   not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the

26   regular rate of compensation for purposes of determining the owed rest period premium.

27       126.  DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one

28   hour of additional pay at the regular rate of compensation for each workday that a required rest

1  period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage

2  Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at

3  trial.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

6      127.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

7      128.   Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class

8  Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

9  wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

19      129.   As DEFENDANTS failed to provide PLAINTIFF and other Class Members with

20  meal and rest periods that complied with Labor Code section 226.7, the wage statements

21  DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to

22  correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the

23  total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages

24  earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect

25  during the pay period and the corresponding number of hours worked at each hourly rate by the

26  employee, in violation of Labor Code section 226(a)(9).

27      130.   Moreover, due to violations detailed above, including but not limited to,

28  DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide

1  meal and rest break premiums, and failure to pay all sick leave wages at the proper rates,
2  DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish
3  PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross
4  and net wages earned and the correct applicable rates of pay for all hours worked. Based on
5  information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary
6  compensation earned during the pay period into the regular rate of pay for purposes of calculating
7  the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of
8  overtime worked by PLAINTIFF and other Class Members.

9  131.  As explained above, wage statements issued by DEFENDANTS failed to list the
10  "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries,
11  automatic deduction for meal periods/failure to relieve Class Members of all duties and employer
12  control during unpaid meal periods, payment according to scheduled hours worked rather than actual
13  hours worked, and/or other off-the-clock work policies and practices all described in greater detail
14  *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on
15  a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*
16  *Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

17  132.  Separately, and independent from the above allegations, DEFENDANTS issued
18  wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by
19  failing to list the correct name and/or address of the legal entity that is the employer.

20  133.  Based on information and belief, wage statements issued by DEFENDANTS failed
21  to list the inclusive dates of the pay period for which the Class Member is being paid.

22  134.  DEFENDANTS' failure to accurately list all hours worked on all wage statements
23  caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class
24  Members over whether they received all wages owed to them.

25  135.  As a result, PLAINTIFF and other Class Members have suffered injury as they could
26  not easily determine whether they received all wages owed to them and whether they were paid for
27  all hours worked.

28  136.  Based on information and belief, wage statements issued by DEFENDANTS failed

1 to list all applicable hourly rates in effect during the pay period and the corresponding number of

2 hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

3     137.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and

4 Class Members with accurate, itemized wage statements.

5     138.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members

6 have suffered injury. The absence of accurate information on their wage statements has prevented

7 earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and

8 mathematical computations to determine the amount of wages owed, and will cause difficulty and

9 expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the

10 submission of inaccurate information about wages and amounts deducted from wages to state and

11 federal government agencies. As a result, PLAINTIFF and Class Members are required to

12 participate in this lawsuit and create more difficulty and expense from having to reconstruct time

13 and pay records than if DEFENDANT had complied with its legal obligations.

14     139.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members

15 are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226

16 violation occurred and one hundred dollars per employee per violation for each subsequent pay

17 period, not to exceed an aggregate penalty of four thousand dollars per employee.

18     140.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are

19 entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with

20 California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to

21 provide currently employed Class Members with inaccurate wage statements in violation of

22 California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy

23 for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful

24 conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance

25 with California Labor Code § 226(a).

26     141.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class

27 Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable

28 attorneys' fees, and costs of suit.

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay All Wages Due Upon Separation of Employment**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

142.    PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

143.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

144.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

145.    Based on information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

146.    Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

147.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

148.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees

31

1    incurred by the employee enforcing the rights granted by this section."

2       149.    Among other things, under California law, when employees must use their personal

3    cellphones for work-related purposes, the employer must reimburse them for a reasonable

4    percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228

5    Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was

6    required to use their personal cellphone for work-related purposes and not reimbursed for the use.

7    Id. 1144-1145. California law also requires employers to reimburse employees for automobile

8    expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear

9    and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

10      150.    As described above, PLAINTIFF and the Class Members were improperly required

11    to pay for business expenses that are legally the responsibility of the employer.

12      151.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full

13    reimbursement for all reasonable expenses associated with carrying out their duties required that

14    PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in

15    violation of Labor Code section 2802.

16      152.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class

17    Members have suffered injury in that they were not completely reimbursed as mandated by

18    California law.

19      153.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members

20    are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable

21    attorneys' fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

24      154.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

25      155.    DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition

26    within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair

27    conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS'

28    failure to pay minimum and overtime wages by virtue of its illegal policies and practices;

1   DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay

2   proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized

3   wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure

4   to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to

5   provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to,

6   including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary

7   compensation into the sick pay calculation and failure to base the accrued sick leave on the correct

8   number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and

9   practices, payment according to scheduled hours worked and/or other off-the-clock work policies

10   and practices).

11       156.   Due to DEFENDANTS' unfair and unlawful business practices in violation of the

12   California Labor Code, DEFENDANTS have gained a competitive advantage over other

13   comparable companies doing business in the State of California that comply with their obligations

14   to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums

15   in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate

16   itemized wage statements, to reimburse employees for all business expenses, to pay all owed

17   minimum and overtime wages and to pay all wages due upon separation of employment of their

18   employees.

19       157.   As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF

20   and Class Members have suffered injury in fact and lost money or property, as described in more

21   detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*,

22   PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully

23   belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their

24   unlawful and unfair business practices.

25       158.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class

26   Members, enjoining DEFENDANTS and any and all persons acting in concert with them from

27   engaging in each of the unlawful practices and policies set forth herein.

28       159.   PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc

1    Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted

2    by law.

3    ///

4    ///

5    ///

6    ///

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated: December 28, 2023                           **CROSNER LEGAL, PC**

By: _____

Jamie K. Serb, Esq.
Brandon Brouillette, Esq.
Zachary M. Crosner, Esq.
Attorneys for Plaintiff,
ROBERT MARTINEZ

1                   **DEMAND FOR JURY TRIAL**

2        PLAINTIFF demands a trial by jury on all claims so triable.

3

4   Dated: December 28, 2023              **CROSNER LEGAL, PC**

5

6                   By: _____

7                       Jamie K. Serb, Esq.

                      Brandon Brouillette, Esq.

8                       Zachary M. Crosner, Esq.

                      Attorneys for Plaintiff,

9                       ROBERT MARTINEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jamie Serb (SBN 289601), Brandon Brouillette (SBN 273156)<br>Zachary M. Crosner (SBN. 272295)<br>CROSNER LEGAL PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210<br>TELEPHONE NO.: (866) 276-7637  FAX NO. *(Optional):* (310) 510-6429<br>E-MAIL ADDRESS: jamie@crosnerlegal.com, bbrouillette@crosnerlegal.com, zach@crosnerlegal.com<br>ATTORNEY FOR *(Name):* Robert Martinez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/28/2023** at 05:23:16 PM<br>Clerk of the Superior Court<br>By Ines Quirarte, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Robert Martinez v. IHG Management (Maryland) LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Keri Katz<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 28, 2023

Zachary Crosner
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

JAMIE SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE, ESQ. (SBN 273156)
bbrouillette@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff ROBERT MARTINEZ
As an individual on behalf of PLAINTIFF and
on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/03/2024** at 10:30:00 AM
Clerk of the Superior Court
By Mariejo Guyot,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 37-2023-00056196-CU-OE-CTL<br><br>**PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HONORABLE KERI KATZ; DECLARATION OF ZACHARY M. CROSNER IN SUPPORT THEREOF**<br><br>[Code of Civ. Proc. § 170.6] |

1    The attorneys for Plaintiff ROBERT MARTINEZ ("Plaintiff") in the above-entitled action,
2    which involves contested issues of law and fact, and which has been assigned for all purposes
3    including trial to the Honorable Keri Katz, Judge of the above-captioned Court, respectfully
4    exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6 and request that
5    this case be reassigned from the Honorable Keri Katz to another judge, and that no matters
6    hereinafter arising in this action be heard by or assigned to the Honorable Keri Katz on the grounds
7    that the Judge is prejudiced against Plaintiff and/or the interests of the Plaintiff in this action. This
8    motion is based on the matters contained herein, on California Code of Civil procedure section
9    170.6, and the supporting declaration of Zachary M. Crosner attached hereto and filed herewith.
10       WHEREFORE, Plaintiff prays that the relief herein requested be granted.

11

12   Dated:  January 3, 2024                CROSNER LEGAL, P.C.
13
14
15                                          Jamie K. Serb, Esq.
                                            Brandon Brouillette, Esq.
16                                          Zachary M. Crosner, Esq.
                                            Attorneys for Plaintiff,
17                                          ROBERT MARTINEZ
18
19
20
21
22
23
24
25
26
27
28
                                             2
─────────────────────────────────────────────────────────
PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HON. KERI KATZ AND DECLARATION OF
              ZACHARY M. CROSNER IN SUPPORT THEREOF

1

## DECLARATION OF ZACHARY M. CROSNER

2       I, Zachary M. Crosner, hereby declare and state under oath and under penalty of perjury as

3   follows: I am an attorney duly licensed to practice law in the State of California and I am a member

4   of the law firm of Crosner Legal, P.C., attorneys of record for Plaintiff ROBERT MARTINEZ

5   ("Plaintiff"), in the above-entitled matter.  I am informed and believe that the Honorable Keri Katz

6   is the judicial officer assigned for all purposes in this matter, including the trial in this action, and

7   is prejudiced against the interests of Plaintiff. On this basis, Plaintiff and the undersigned believe

8   they cannot have a fair and impartial trial or hearing before this Judge.

9       I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true and correct and that this declaration was executed on this 3rd day of January  2024 at Beverly

11  Hills, California.

12

13

14                                    _____
                                         ZACHARY M. CROSNER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HON. KERI KATZ AND DECLARATION OF
ZACHARY M. CROSNER IN SUPPORT THEREOF

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

PLAINTIFF(S) / PETITIONER(S):     Robert Martinez

DEFENDANT(S) / RESPONDENT(S):  IHG Management (Maryland) LLC et.al.

MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2023-00056196-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                                                     Department: C-74

**COMPLAINT/PETITION FILED:** 12/28/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00056196-CU-OE-CTL      CASE TITLE: Martinez vs IHG Management (Maryland) LLC [IMAGED]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:         Central | |

| PLAINTIFF(S):     Robert Martinez |
|---|
| DEFENDANT(S): IHG Management (Maryland) LLC eLal. |
| SHORT TITLE:    MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2023-00056196-CU-OE-CTL |
|---|---|

Judge: Keri Katz                                        Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                    ☐   Non-binding private arbitration

☐   Mediation (private)                                   ☐   Binding private arbitration

☐   Voluntary settlement conference (private)    ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                      ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                              Name of Defendant

_____          _____
Signature                                                        Signature

_____          _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____          _____
Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/29/2023                                        _____
                                                                      JUDGE OF THE SUPERIOR COURT

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000099 000000291



ZACHARY M CROSNER
9440 SANTA MONICA BLVD STE 301
BEVERLY HILLS CA 90210-4614



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7070 | |

PLAINTIFF: Robert Martinez

DEFENDANT: IHG Management (Maryland) LLC et.al.

Short Title: Martinez vs IHG Management (Maryland) LLC [IMAGED]

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2023-00056196-CU-OE-CTL |
|---|---|

**Filed :** 12/28/2023

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Carolyn Caietti, in Department C-70

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

BatchPrintExtract_01.cev-101-000000291

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 01/04/2024. The mailing occurred at Gardena, California on 01/05/2024.

Clerk of the Court, by: _O. Vasquez_ _____ , Deputy

O. Vasquez

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 01/04/2024                    TIME: 02:45:00 PM          DEPT: C-74

JUDICIAL OFFICER PRESIDING: Keri Katz
CLERK:  Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2023-00056196-CU-OE-CTL**  CASE INIT.DATE: 12/28/2023
CASE TITLE: **Martinez vs IHG Management (Maryland) LLC [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**APPEARANCES**

---

**Re:  Peremptory Challenge**

Plaintiff's Peremptory Challenge filed on 01/03/2024 (#21919077) is GRANTED.

The court finds the challenge is timely filed and the party's/attorney's statement meets the requirements of Code of Civ. Proc. §170.6(a)(4).  The case will be reassigned and a notice will be mailed to the parties and/or counsel.

The Court prepares this minute order because no order was filed with the challenge.

IT IS SO ORDERED.

*Keri Katz*

_____
Judge Keri Katz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
| --- | --- |
| | 37-2023-00056196-CU-OE-CTL |

I certify that I am not a party to this cause. I certify that a true copy of the attached minute order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 01/05/2024.

Clerk of the Court, by: _K. Milligan_____ , Deputy

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

☐ Additional names and address attached.

CLERK'S CERTIFICATE OF SERVICE BY MAIL                                          Page: 1

JAN 1 6 2024



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

01/22/2024

Inter-Continental Hotels Corporation
Kim Crumbley
Six Continents Hotels, Inc.
3 Ravinia Drive, Suite 100
Atlanta GA 30346

# SERVICE OF PROCESS NOTICE

Item: 2024-37

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Inter-Continental Hotels Corporation |
| 2. | **Title of Action:** | Robert Martinez, et al. vs. IHG Management (Maryland) LLC, et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Class Action Complaint<br>Plaintiff's Peremptory Challenge of the Honorable Keri Katz, et al. |
| 4. | **Court/Agency:** | San Diego County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 37-2023-00056196-CU-OE-CTL |
| 7. | **Case Type:** | Unpaid Wages |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 01/16/2024 |
| 10. | **Date to Client:** | Monday 01/22/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 02/15/2024 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jamie K. Serb, Esq.<br>Beverly Hills, CA<br>866-276-7637 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note an unexpected delay in delivery of the document was experienced due to extreme weather conditions. We apologize for any inconvenience.<br>Please note there are other Due Dates listed in the document<br>Also Attached: * Notice of Case Assignment and Case Management Conference (Civil)<br>* Alternative Dispute Resolution (ADR) Information, etc |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/28/2023** at 05:23:18 PM

Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability
Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware
Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC,
a Delaware Limited Liability Company; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT MARTINEZ, as an individual and on behalf of all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego - Hall of Justice

330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2023-00056196-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (866) 276-7637

DATE:
*(Fecha)* December 29, 2023

Clerk, by
*(Secretario)* I. Quirarte

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
   Inter-Continental Hotels Corporation
3. [X] on behalf of *(specify):*

   under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

JAMIE K. SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE, ESQ. (SBN 273156)
bbrouillette@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff ROBERT MARTINEZ
As an individual on behalf of PLAINTIFF and
on behalf of all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

12/28/2023 at 05:23:16 PM
Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: 37-2023-00056196-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1.  Recovery of Unpaid Minimum Wages and Liquidated Damages**<br><br>**2.  Recovery of Unpaid Overtime Wages**<br><br>**3.  Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br><br>**4.  Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br><br>**5.  Failure to Furnish Accurate Itemized Wage Statements**<br><br>**6.  Failure to Timely Pay All Wages Due Upon Separation of Employment**<br><br>**7.  Failure to Reimburse Business Expenses** *and*<br><br>**8.  Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff, ROBERT MARTINEZ, ("PLAINTIFF"), an individual on behalf of PLAINTIFF,
2    and all other similarly situated Class Members (as defined below), hereby files this Complaint
3    against Defendants IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability
4    Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation;
5    INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability
6    Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS").
7    PLAINTIFF is informed and believes and thereon alleges as follows:

8                              **JURISDICTION AND VENUE**

9         1.      This court possesses original subject matter jurisdiction over this matter. Venue is
10   proper in the County of San Diego pursuant to California Code of Civil Procedure section 395.5
11   because DEFENDANTS transact business within this judicial district, DEFENDANTS employed
12   PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by
13   PLAINTIFF herein occurred in this this judicial district.

14                                 **THE PARTIES**

15        2.      PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of
16   California and a citizen of the State of California.

17        3.      PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job
18   position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF
19   worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)
20   from in or around April 2023 through on or around October 1, 2023.  PLAINTIFF worked for
21   DEFENDANTS at DEFENDANTS' San Diego, California locations(s).

22        4.      Defendant IHG MANAGEMENT (MARYLAND) LLC is a Maryland Limited
23   Liability Company that, at all relevant times, was authorized to do business within the State of
24   California and is doing business in the State of California.

25        5.      Defendant INTER-CONTINENTAL HOTELS CORPORATION is a Delaware
26   Corporation that, at all relevant times, was authorized to do business within the State of California
27   and is doing business in the State of California.

28        6.      Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC is a

                                          2

1   Delaware Limited Liability Company that, at all relevant times, was authorized to do business within
2   the State of California and is doing business in the State of California.

3        7.     DEFENDANTS own, operate, manage and/or staff its employees to work at the
4   hotels, resorts, restaurants and/or other facilities and/or other location(s) in California, including but
5   not limited to, hotels and/or resorts and/or restaurants and/or other facilities located in San Diego,
6   California.  Based on information and belief, IHG operates multiple hotels, resorts and/or other
7   facilities including but not limited to, hotels and/or resorts operating under at least nineteen (19)
8   brand names, including but not limited to, hotels and/or resorts operating under the brand name(s)
9   "Intercontinental" and/or "Intercontinental Hotels & Resorts". DEFENDANTS, through its various
10  locations, serve the hospitality industry.[1]

11       8.     The true names and capacities of the DOE Defendants sued herein as DOES 1
12  through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such
13  Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally
14  responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this
15  Complaint to reflect the true names and capacities of the Doe Defendants when such identities
16  become known.

17       9.     PLAINTIFF is further informed and believes that, at all relevant times, each
18  Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,
19  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
20  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of
21  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all
22  of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this
23  complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant
24  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant
25  times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,
26  controlled, aided and abetted the conduct of all other Defendants.

27

28  [1] *See* https://www.ihg.com/content/us/en/about/brands. Last visited on December 28, 2023.

1

**JOINT LIABILITY**

2      10.      Under California law, the definition of the terms "to employ" are broadly construed

3 under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to

4 exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3)

5 to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49

6 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control

7 was to reach situations in which multiple entities control different aspects of the employment

8 relationship. Supervision of the work, in the specific sense of exercising control over how services

9 are properly performed, is properly viewed as one of the "working conditions" mentioned in the

10 wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a

11 temporary employment agency) hires and pays a worker, and the other entity supervises the work.

12 *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in

13 California, applying a less stringent standard to what constitutes sufficient control by a business

14 over its vendor's employees' wages and working conditions to render that business liable as a joint

15 employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative

16 joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the

17 wages, hours, or working conditions of the employee, that is a sufficient showing of joint

18 employment," *Id.* at 875 [emphasis added].

19      11.      During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class

20 Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage

21 Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court

22 in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages,

23 hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted

24 PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class

25 Members to work for them.

26      12.      PLAINTIFF is informed and believes, and thereon alleges that at all relevant times

27 DEFENDANTS operated as a single integrated enterprise with common ownership and centralized

28 human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices

1  across all of their locations/facilities and subjected all of the Class Members to these same policies

2  and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is

3  informed and believes that: (1) there is common ownership in, and financial control, in

4  DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control

5  over the day-to-day operations and employment matters, including the power to hire and fire, set

6  schedules, issue employee policies, and determine rates of compensation across its locations in

7  California; (3) DEFENDANTS utilize the same policies and procedures for all California

8  employees, including issuing the same employee handbooks and other form agreements; (4)

9  DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee

10  employment matters; and, (6) DEFENDANTS share employees.

11      13.     For example, DEFENDANTS, and each of them, maintain the same agent for service

12  of process and principal business office as provided to the California Secretary of State and based

13  on information and belief, maintain some of the same attorneys and/or human resources personnel

14  to oversee employment related matters. PLAINTIFF is informed and believes, and thereon alleges

15  that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF

16  and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of

17  action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class

18  Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the

19  Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class

20  Members.

21      14.     Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a

22  uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay,

23  time-keeping practices, meal and rest periods, reimbursement of business expenses and other

24  working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members,

25  and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF

26  and the Class Members in a uniform manner. DEFENDANTS collectively represented to

27  PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and

28  that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members'

5

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  employment with or without cause. Upon information and belief, DEFENDANTS further
2  collectively represented to PLAINTIFF and Class Members in writing the details of their
3  compensation, and the manner in which they were to take meal and rest periods, the procedures
4  required by DEFENDANTS collectively for recordation of hours worked and the policies applicable
5  to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage
6  rates of PLAINTIFF and Class Members.

7      15.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours
8  and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively
9  held the right to control virtually every aspect of PLAINTIFF's and the Class Members'
10  employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF
11  seeks relief in this Complaint.

12      16.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same
13  control over, applied the same policies and practices, and engaged in the same acts and omissions
14  with regard to the other Class Members.

15                      **CLASS ALLEGATIONS**

16      17.    PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly
17  situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF
18  seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

19          All current and former non-exempt employees that worked either
20          directly or via a staffing agency for any one or more of the
21          DEFENDANTS at any location in California at any time within the
22          four years prior to the filing of the initial Complaint ("Class Period").

23      a.  Numerosity. While the exact number of Class Members is unknown to
24          PLAINTIFF at this time, the Class is so numerous that the individual joinder of
25          all members is impractical under the circumstances of this case. PLAINTIFF is
26          informed and believes the Class consists of at least 100 individuals.

27      b.  Common Questions of Law and Fact. This lawsuit is suitable for class treatment
28          because common questions of law and fact predominate over individual issues.

Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other

Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

   f.   Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL AND LEGAL ALLEGATIONS

18. During the relevant period, PLAINTIFF and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

19. PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)

1  from in or around April 2023 through on or around October 1, 2023.

2      20.    PLAINTIFF worked for DEFENDANTS at DEFENDANTS' San Diego, California

3  location(s). DEFENDANTS assigned PLAINTIFF to work at DEFENDANTS' facilities located in

4  San Diego, California, including but not limited to, at DEFENDANTS' restaurants and/or bars

5  and/or other facilities located within one of DEFENDANTS' hotel(s) and/or resort(s) in San Diego,

6  California.

7      21.    PLAINTIFF regularly worked at least ten (10) hours per day when working for

8  DEFENDANTS as a server and/or similar title(s) and/or position(s), and at least eight (8) to sixteen

9  (16) hours per day hours when working as a non-exempt supervisor and/or similar title(s) and/or

10  position(s). PLAINTIFF regularly worked at least five (5) days per week.

11      22.    DEFENDANTS paid PLAINTIFF an hourly rate for time counted by

12  DEFENDANTS as hours worked. At all relevant times, PLAINTIFF was a non-exempt employee

13  that was paid on an hourly basis for time counted by DEFENDANTS as hours worked.

14      23.    **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate

15  PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum

16  and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all

17  hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and

18  failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise

19  unlawful practices for missed or improper meal periods, as explained below.

20      24.    Based on information and belief, DEFENDANTS implemented a policy and/or

21  practice of rounding meal period start and end times and/or automatically deducting at least thirty

22  minutes per shift for meal periods, despite having actual and/or constructive knowledge that

23  PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

24  meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and

25  Class Members of all wages owed.

26      25.    Based on information and belief, Class Members were not paid for all hours worked

27  due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked

28  instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

26.     For example, as explained below, based on information and belief, DEFENDANTS would unlawfully edit the clock in and out times for PLAINTIFF's and other Class Members' meal periods in order to display at least a thirty minute off-duty meal period during most if not all shifts worked, notwithstanding the fact that DEFENDANTS had actual and/or constructive knowledge that DEFENDANTS had required PLAINTIFF and other Class Members' to perform work-related tasks during their meal periods.

27.     Based on information and belief, DEFENDANTS required Class Members to be at their assigned workstations at the start of a scheduled shift, thereby forcing Class Members to gather work-related equipment and/or safety gear, make any necessary adjustments to tools/equipment and/or perform maintenance/cleaning tasks, don work clothing/uniforms and/or protective equipment, and/or complete other work tasks prior to their scheduled shift and/or prior to clocking in/signing in, thereby resulting in pre-shift off-the-clock work.

28.     Based on information and belief, Class Members were required to complete other off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in off-the-clock work and the underpayment of minimum and overtime wages owed to Class Members.

29.     For example, based on information and belief, DEFENDANTS required Class Members to clock out for the end of their shifts but to continue working due to the need to return/maintain tools, clean and/or organize their work stations/areas, provide shift status updates and/or debriefings and/or participate in work meetings, respond to work-related communications and/or perform other work tasks off-the-clock, resulting in the underpayment of minimum wages and overtime wages owed to Class Members.

30.     Based on information and belief, DEFENDANTS did not compensate Class Members for time spent donning and doffing personal protective equipment and/or uniforms (e.g., rubber gloves, hairnets, aprons, hats, and/or face masks) during meal periods, before the start of a scheduled shift, and/or after completing a scheduled shift, resulting in the underpayment of wages owed to Class Members.

31.     Based on information and belief, at times, Class Members were required to complete

10

1 off-the-clock work outside of scheduled shifts due to work-related phone calls and/or messages they
2 received to their phones/mobile devices and were required to respond to, including but not limited
3 to, communications from supervisors regarding scheduling and/or other work tasks, resulting in the
4 underpayment of wages owed to Class Members.

5     32.    PLAINTIFF and other Class Members were required to perform other off-the-clock
6 work for which they were not compensated.  For example, based on information and belief, at times,
7 DEFENDANTS' biometric/electronic/POS employee time-keeping system malfunctioned such that
8 Class Members were required to either reinitiate and/or otherwise troubleshoot the system prior to
9 being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock
10 back in from meal periods, resulting in off-the-clock work and the underpayment of wages owed to
11 Class Members. Based on information and belief, Class Members experienced the same issues when
12 clocking out for shifts and/or back in for meal periods.  This time spent under DEFENDANTS'
13 control was not recorded and not compensated and resulted in unpaid minimum wages owed to
14 Class Members.

15     33.    Moreover, based on information and belief, Class Members who opened their work
16 locations were required to first unlock the doors, turn on all the lights in the restaurant/facility and/or
17 deactivate the alarm before clocking in for work, resulting in pre-shift off-the-clock work and the
18 underpayment of wages owed to Class Members. Based on further information and belief, Class
19 Members in charge of closing their location(s) were required to first clock out for their shifts before
20 enabling the alarm, turning off all the lights in the facility and/or locking the doors. This resulted in
21 additional off-the-clock post-shift work that was not compensated and the underpayment of wages
22 owed to Class Members.

23     34.    Based on information and belief, DEFENDANTS required Class Members to
24 undergo COVID-19 temperature screenings and/or complete questionnaires prior to beginning their
25 scheduled shift and/or prior to clocking/signing in, thereby, resulting in pre-shift off-the-clock work.

26     35.    Based on information and belief, at times, DEFENDANTS require/required Class
27 Members to travel around and/or between DEFENDANTS' restaurants, hotels, offices, facilities
28 and/or locations without compensating Class Members for the travel time.

1        36.    For example, based on information and belief, due to scheduling issues and/or

2  understaffing, Class Members were at times required after working at their scheduled facility

3  location to cover a shift at another of DEFENDANTS' restaurants/facilities/locations but were not

4  compensated for the time spent driving to the second restaurant/facility, resulting in the

5  underpayment of minimum and overtime wages owed to Class Members. Based on information and

6  belief, DEFENDANTS failed to compensate Class Members for all time spent completing

7  DEFENDANTS' required trainings and/or courses (e.g., food safety and/or food handler courses)

8  and/or testings and/or certifications (e.g., food handler certifications).

9        37.    Based on information and belief, DEFENDANTS failed to pay Class Members the

10  applicable minimum wage for the county and/or city within which the Class Member worked in

11  California.

12        38.    Moreover, based on information and belief, DEFENDANTS failed to pay

13  PLAINTIFF and/or other Class Members split shift premium wages when they worked split shifts

14  during the relevant period. For example, based on information and belief, at times, DEFENDANTS

15  required PLAINTIFF and/or other Class Members to work two separate shifts in the same day.

16  Based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class

17  Members split shift compensation whenever PLAINTIFF's and/or other Class Members' work

18  schedules were interrupted by non-paid non-working periods established by DEFENDANTS, which

19  resulted in a violation of the applicable Wage Order (See section 4 of all applicable Wage orders,

20  "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in

21  addition to the minimum wage for that workday...). See, also, Cal. Code Regs. Tit. 8, § 11050 (when

22  an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition

23  to the minimum wage for that workday, except when the employee resides at the place of

24  employment). DEFENDANTS also failed to separately itemize these split shift premium wages on

25  PLAINTIFF's and/or other Class Members' wage statements, in violation of Labor Code sections

26  510, 1194 and all applicable IWC Wage Orders. See, https://www.dir.ca.gov/dlse/split_shift.htm.

27  (The employer must itemize the premium payment on the pay stub provided to the employee, and it

28  should be shown as a separate category such as "Split Shift Premium" and should not be lumped

1  into another category such as wages, bonus, etc. DEFENDANTS failed to separately account for
2  the split shift premiums earned by PLAINTIFF and/or other Class Members on their wage
3  statements.

4      39.    Based on information and belief, DEFENDANTS failed to pay Class Members for
5  time they were required to spend completing orientation, policy questionnaires, and/or time spent
6  completing the onboarding process including but not limited to reviewing various documents and
7  policies provided by DEFEDANTS. Based on information and belief, this work time was completed
8  off-the-clock and was not compensated.

9      40.    Based on further information and belief, DEFENDANTS implemented a time-
10  rounding system that as applied systematically deprived PLAINTIFF and other Class Members of
11  compensable time because the time-rounding system implemented by DEFENDANTS would
12  almost always, if not always, result in understating actual compensable work time.

13      41.    DEFENDANTS' failure to pay for all time worked by virtue of its time rounding,
14  auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal
15  periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of
16  minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for
17  those Class Members who worked more than eight (8) hours in a day and/or more than forty (40)
18  hours in a week.

19      42.    Based on information and belief, DEFENDANTS had actual and/or constructive
20  knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to
21  provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the
22  underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of
23  California's minimum and overtime wage laws.

24      43.    Based on information and belief, DEFENDANTS failed and continue to fail to pay
25  Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per
26  workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a
27  work week, in violation of California's overtime laws.

28      44.    Based on information and belief, DEFENDANTS failed to incorporate all non-

1   discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or
2   other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s),
3   resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other
4   Class Members.

5        45.   **Meal Period Violations.** PLAINTIFF and other Class Members consistently worked
6   shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,
7   PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first
8   and second meal periods. Based on information and belief, Class Members were consistently unable
9   to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late
10   meal periods, interrupted meal periods, and/or work through part or all their meal periods due to
11   understaffing, the nature and constraints of their job duties and/or commentary from supervisors
12   pressuring them to take non-compliant meal periods or skip meal periods completely.

13        46.   For example, based on information and belief, Class Members were forced to take
14   late meal periods in order to complete assigned job duties. Based on information and belief, Class
15   Members were at times interrupted during purported meal periods and/or had meal periods cut short
16   and/or restricted to DEFENDANTS' premises due to the need to continue assigned job duties.

17        47.   For example, when working for DEFENDANTS as a server and/or similar title(s)
18   and/or position(s), PLAINTIFF was required to sometimes take his meal periods late and/or take
19   shortened and/or interrupted meal periods and/or work through his meal periods completely.

20        48.   When working for DEFENDANTS as a non-exempt supervisor and/or similar title(s)
21   and/or position(s), PLAINTIFF was forced to work through his first meal periods during
22   approximately at least half of his shifts due to understaffing and/or lack of relief workers.

23        49.   For example, at times, PLAINTIFF worked shifts lasting at least sixteen (16) hours
24   long without receiving any meal periods during those shifts.

25        50.   Also, per DEFENDANTS' unlawful meal period policies and practices,
26   DEFENDANTS failed to relieve PLAINTIFF and other Class Members of all duties and
27   DEFENDANTS' control during unpaid meal periods by including but not limited to, restricting
28   PLAINTIFF and other Class Members to the worksite premises during purportedly off-duty meal

14
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  periods, resulting in denied meal periods as well as DEFENDANTS' failure to compensate
2  PLAINTIFF and other Class Members for all hours worked.

3      51.    Based on information and belief, other Class Members were consistently suffered
4  and permitted to take meal periods past the fifth hour of work and/or had their meal periods
5  interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to
6  commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or
7  the need to meet DEFENDANTS' goals and expectations.

8      52.    Based on information and belief, DEFENDANTS implemented policies and/or
9  practices that failed to relieve Class Members of all duties and DEFENDANTS' control during
10  unpaid meal periods.

11      53.    Based on information and belief, DEFENDANTS required Class Members to
12  complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take
13  into account when scheduling meal periods for Class Members. Based on information and belief,
14  meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

15      54.    Based on information and belief, despite DEFENDANTS' failure to provide lawful
16  meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end
17  times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at
18  least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having
19  actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive
20  lawful meal periods.

21      55.    Moreover, per DEFENDANTS' uniform policy and practice, Class Members who
22  worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute
23  second meal period.

24      56.    For example, when PLAINTIFF worked shifts lasting longer than ten (10) and/or
25  twelve (12) hours, PLAINTIFF was not provided with any second meal period.

26      57.    Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and
27  other Class Members as to the timing and duty-free nature of meal periods. Based on further
28  information and belief, DEFENDANTS did not have a written meal period policy, nor did

1  DEFENDANTS have any sort of compliant policy in practice.

2      58.    Moreover, based on information and belief, DEFENDANTS failed to keep accurate
3  records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based
4  on information and belief, to the extent meal period were recorded, DEFENDANTS illegally
5  rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class
6  Members not being paid for all time worked as well as late and/or shortened meal periods. *See*
7  *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

8      59.    Based on information and belief, DEFENDANTS had actual and/or constructive
9  knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which
10  were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation
11  of California's meal period laws.

12      60.    DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional
13  hour of wages at their respective regular rates of compensation for each workday a lawful meal
14  period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each
15  workday a lawful meal period was not provided and/or failed to pay the proper meal period premium
16  for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses,
17  shift differential pay and/or other non-discretionary compensation into the regular rate or
18  compensation for purposes of calculating the owed meal period premium.

19      61.    **Rest Period Violations.** DEFENDANTS did not properly authorize and provide
20  PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4)
21  hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the
22  work period, as required by law.

23      62.    PLAINTIFF and other Class Members were not adequately informed, authorized,
24  instructed about, nor permitted an opportunity to take proper rest periods per California law. Based
25  on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of
26  duty-free rest periods.

27      63.    Based on information and belief, DEFENDANTS did not have a have a compliant
28  written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in

1   practice.

2      64.     For example, based on information and belief, Class Members were unable to take

3   compliant rest periods due to their need to complete assigned job duties and/or were unable to take

4   a net ten-minute rest period in a suitable rest area and/or had purported rest periods restricted to

5   DEFENDANTS' premises.

6      65.     Based on information and belief, Class Members' rest periods were interrupted, cut

7   short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of

8   their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest

9   periods completely or otherwise take non-compliant rest periods.

10     66.     Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts

11  lasting longer than ten hours.

12     67.     Based on information and belief, DEFENDANTS implemented policies and/or

13  practices that failed to relieve PLAINTIFF and other Class Members of all duties and

14  DEFENDANTS' control during rest periods.

15     68.     Based on information and belief, Class Members were pressured to complete their

16  work duties according to a designated schedule such that rest periods were only taken once tasks

17  were completed, and/or as time permitted.

18     69.     Furthermore, DEFENDANTS failed to pay a rest period premium for each day in

19  which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of

20  California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a

21  proper rest period was not provided and/or failed to pay the proper rest period premium for failure

22  to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift

23  differential pay, and/or other non-discretionary compensation into the regular rate of compensation

24  for purposes of calculating the owed rest period premium.

25     70.     **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to

26  provide PLAINTIFF and other Class Members with accurate wage statements that complied with

27  Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with

28  meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS

17

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross

2  wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

3  during the pay period and the corresponding number of hours worked at each hourly rate by the

4  employee.

5      71.  DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also

6  failed to indicate the earned gross and net wages earned during the pay period, the correct applicable

7  rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members

8  (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class

9  Members of all duties and employer control during unpaid meal periods, payment according to

10  scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies

11  and practices) which results in a violation of Labor Code section 226(a).

12      72.  Separately, and independent of the above allegations, based on information and

13  belief, DEFENDANTS issued wage statements to Class Members that failed to list the total hours

14  worked, in violation of including but not limited to, Labor Code section 226 (a)(2).

15      73.  As described herein, based on information and belief, DEFENDANTS also failed to

16  incorporate all forms of non-discretionary compensation earned during the pay period into the

17  overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour

18  of overtime worked by PLAINTIFF and other Class Members.

19      74.  Based on information and belief, wage statements issued by DEFENDANTS failed

20  to list the inclusive dates of the pay period for which the Class Member is being paid.

21      75.  For example, based on information and belief, wage statements issued by

22  DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is

23  being paid. For example, based on information and belief, at times, DEFENDANTS issued wage

24  statements to Class Members containing payment for hours worked during previous pay periods,

25  yet DEFENDANTS' wage statements do not include the inclusive dates of the accurate pay period

26  for that retroactive pay, further failing to list the total hours worked for the pay period, including but

27  not limited to, the total hours worked for the pay period the retroactive pay corresponds with.

28      76.  For example, based on information and belief, at times, DEFENDANTS issued wage

1   statement(s) to Class Members that list a category for "Retro" pay without including the inclusive

2   dates of the accurate pay period for that "Retro" pay, further failing to list the total hours worked

3   for the pay period, including but not limited to, the total hours worked for the pay period the

4   retroactive pay corresponds with, in violation of including but not limited to, Labor Code section

5   226(a)(2) and/or Labor Code section 226(a)(6).

6       77.    Based on information and belief, wage statements issued by DEFENDANTS failed

7   to list all applicable hourly rates in effect during the pay period and the corresponding number of

8   hours worked at hear hourly rate by the employee, in violation of including but not limited to, Labor

9   Code section 226(a)(9).

10      78.    For example, based on information and belief, wage statements issued by

11  DEFENDANTS to Class Members failed to list all applicable hourly rates in effect during the pay

12  period and the corresponding number of hours worked at each hourly rate by the employee, in

13  violation of Labor Code section 226(a)(9) due to DEFENDANTS' failure to list an overtime rate

14  category at all and/or failure to list a category containing the proper overtime rate.

15      79.    As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class

16  Members that were not accurate and did not include all of the statutorily required information. As

17  such, DEFENDANTS violated Labor Code section 226.

18      80.    **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on

19  information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due

20  and owing upon termination or resignation. Based on information and belief, DEFENDANTS

21  untimely provide final wages to Class Members without regard to the timing requirements of Labor

22  Code sections 201-202.

23      81.    Upon separation of employment, Class Members' final paychecks were not timely

24  provided and/or were not timely provided with all owed vacation pay and/or paid time off.

25  Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all

26  wages owed as they were devoid of, including but not limited to, all owed minimum wages, overtime

27  wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the

28  properly accrued rates (including but not limited to, all owed vacation pay/paid time off paid at the

19

1  final rate including non-discretionary compensation, including but not limited to, shift
2  differentials)..

3     82.    Based on further information and belief, DEFENDANTS failed to timely provide all
4  owed wages immediately upon discharge of employment. Based on information and belief, at times,
5  Class Members experienced breaks in employment caused by DEFENDANTS whereby Class
6  Members would not be called in for work for longer than a single pay period due to including but
7  not limited to DEFENDANTS' lack of work or lack of assignments. Such instances qualify as a
8  discharge of employment. Yet, DEFENDANTS failed to timely pay all owed wages at the end of
9  such periods of employment, in violation of including but not limited to Labor Code section 201-
10 202.

11    83.    These violations subject DEFENDANTS to civil penalties under Labor Code section
12 203, 210, and/or 256.

13    84.    **Unreimbursed Business Expenses**. Based on information and belief,
14 DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct
15 consequence of the performance of their job duties without providing reimbursement, in violation
16 of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members
17 were improperly required to provide and maintain work tools that are supposed to be the
18 responsibility of the employer.

19    85.    Based on information and belief, DEFENDANTS shifted the costs of doing business
20 onto PLAINTIFF and other Class Members requiring them to pay for business expenses including
21 but not limited to, uniforms/work clothing/work shoes, personal protective/safety gear and/or the
22 use of Class Members' personal mobile phone and data usage for work-related purposes including
23 but not limited to receiving and responding to work-related messages and/or phone calls.

24    86.    For example, on information and belief, Class Members received calls/messages to
25 their personal cell phones/mobile devices from supervisors and/or other Class Members regarding
26 scheduling and/or other work tasks but were not provided any and/or full reimbursement from
27 DEFENDANTS for these business expenses incurred as a result of being required to use their
28 personal cell phone(s)/mobile device(s) to carry out their assigned job duties.

1    87.    For example, PLAINTIFF was required to use his personal cell phone/mobile device
for work, including but not limited to, to make and/or receive work-related calls and/or messages.
For example, oftentimes PLAINTIFF's supervisor(s) called PLAINTIFF on PLAINTIFF's personal
mobile device including but not limited to, during work hours.  DEFENDANTS did not provide
PLAINTIFF with any and/or full reimbursement for the business expenses PLAINTIFF incurred in
connection with being required to use his personal cell phone/mobile device to carry out his assigned
job duties, including without limitation, expenses associated with increased data plan charges.
Based on information and belief, Class Members were not reimbursed for the cost of using their
personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work
uniforms/work clothing/work shoes, personal protective/safety gear.

88.    For example, based on information and belief, Class Members were not reimbursed
for the costs of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal
protective/safety gear, such as, but not limited to, face masks, gloves, hairnets and/or work shoes.
Based on information and belief, at times, DEFENDANTS required Class Members to use their
personal vehicles for work without reimbursing them for the personal vehicle expenses they incurred
in connection therewith.

89.    For example, based on information and belief, at times, DEFENDANTS required
Class Members to travel from one of DEFENDANTS' hotels/resorts/facilities/restaurants to a
second of DEFENDANTS' hotels/resorts/facilities/restaurants for work and/or otherwise required
Class Members to use their personal vehicles to carry out their assigned job duties without
reimbursing Class Members for the expenses incurred in connection with DEFENDANTS' business
use of their personal vehicles.

90.    As such, DEFENDANTS failed to reimburse Class Members at the legally mandated
Internal Revenue Service (IRS) per mile compensation rates in effect during the relevant period.

91.    As explained above, based on information and belief, Class Members were not
reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of
purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety
gear.

92.     Based on information and belief, DEFENDANTS regularly failed to reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by DEFENDANTS.

93.     DEFENDANTS' failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

94.     PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Minimum Wages and Liquidated Damages
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

95.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

96.     It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale.

97.     Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

98.     DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

22

1    DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work
2    completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,
3    and/or payment according to scheduled hours worked rather than actual hours worked (described
4    above), which resulted in the failure to account for all hours worked and thus the denial of minimum
5    wages.

6         99.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and
7    Class Members for all hours worked.

8         100.   Based on information and belief, DEFENDANTS had actual or constructive
9    knowledge that its time-rounding policies and practices, auto-deduction policies and practices for
10   meal periods, failure to relieve employees of all duties and employer control during unpaid meal
11   periods, policy and practice of payment according to scheduled work time rather than actual work
12   time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages
13   owed to PLAINTIFF and other Class Members.

14        101.   Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class
15   Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus
16   attorney's fees and costs, in an amount to be proved at trial.

17   **SECOND CAUSE OF ACTION**
18   **Recovery of Unpaid Overtime Wages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

19        102.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

20        103.   Employees in California must be paid overtime, equal to one and one-half times the
21   employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including
22   12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of
23   work in a workweek, and they must be paid double the regular rate of pay for all hours worked in
24   excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh
25   consecutive day of work in a workweek, unless they are exempt.

26        104.   PLAINTIFF and the Class Members worked overtime hours for which they were not
27   compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,
28   automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

23
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to

2   scheduled hours worked rather than actual hours worked (described above), and/or other unlawful

3   policies and/or practices described above which resulted in unpaid minimum and overtime wages

4   which resulted in the failure to account for all hours worked and thus the denial of all owed overtime

5   wages.

6        105.   Based on information and belief, DEFENDANTS failed to pay twice Class

7   Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for

8   time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in

9   violation of California's overtime laws.

10       106.   Based on information and belief, DEFENDANTS further violated California's

11  overtime wage laws by failing to incorporate all non-discretionary compensation, including but not

12  limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary

13  compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to

14  include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of

15  the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and

16  other Class Members.

17       107.   DEFENDANTS' conduct described above is in violation of California Labor Code

18  sections 510 and 1194 and all applicable Wage Orders.

19       108.   PLAINTIFF and the Class Members are entitled to recover all unpaid overtime

20  wages, plus attorney's fees and costs, in an amount to be proved.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

23       109.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

24       110.   Pursuant to Labor Code section 512 and all applicable IWC Wage Orders,

25  DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute

26  meal break free from all duties and employer control for all shifts longer than 5 hours, and a second

27  30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be

28  waived, but only under the following circumstances: (1) if an employee's total work period in a day

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so.

111.    Employers must pay employees an additional hour of wages at the employees' regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, first meal period provided after five (5) hours, second meal period provided after 10 hours). Lab. Code § 226.7.

112.    As explained above, PLAINTIFF and other Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all of their meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

113.    Based on information and belief, DEFENDANTS had and continue to have a policy of rounding the start and end times of employees' meal periods and/or automatically deducting thirty minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class Members did not receive compliant meal periods.

114.    Moreover, based on information and belief, Class Members did not receive a timely, uninterrupted second meal period when working shifts over ten (10) hours in a workday.

115.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had actual and/or constructive knowledge that its time-rounding and auto-deduction policies and practices, other unlawful policies and practices resulted in the denial of compliant meal periods in violation of California's meal period laws.

116.    DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

1  periods in violation of California law and/or failed to pay the proper meal period premium for failure

2  to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift

3  differential pay and/or other non-discretionary compensation into the regular rate or compensation

4  for purposes of calculating the owed meal period premium.

5   117.   As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

6  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day

7  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,

8  all in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

11   118.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

12   119.   Labor Code section 226.7 and all applicable IWC Wage Orders require an employer

13  to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours

14  worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period

15  "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), the

16  California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts

17  from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10

18  hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029).

19  The rest period requirement obligates employers to permit and authorize employees to take off-duty

20  rest periods, meaning employers must relieve employees of all duties and relinquish control over

21  how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

22   120.   If the employer fails to provide any required rest period, the employer must pay the

23  employee one hour of pay at the employee's regular rate of compensation for each workday the

24  employer did not provide at least one legally required rest period, pursuant to Labor Code section

25  226.7.

26   121.   Moreover, under California law rest periods must be a "net" ten minutes in a suitable

27  rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards

28  Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest

1 | periods means ten minutes of time in a rest area and cannot include time it takes to get to and from
2 | the rest area). The employer must show that it clearly articulates the right to a net ten minutes,
3 | which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what
4 | happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in
5 | the rest area). *Id.*; see also, *Bufil v. Dollar Fin. Grp., Inc.*, (2008) 162 Cal. App. 4th 1193, 1199 (the
6 | "onus is on the employer to clearly communicate the authorization and permission [to take rest
7 | periods] to its employees.").

8 |     122.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-
9 | minute rest periods for every four (4) hours worked or major fraction thereof. As explained above,
10 | any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to
11 | DEFENDANTS' control due to the nature and constraints of Class Members' job duties,
12 | understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to
13 | skip rest periods completely or otherwise take non-compliant rest periods.

14 |     123.    Based on information and belief, DEFENDANTS implemented policies and/or
15 | practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer
16 | control during rest periods. Based on further information and belief, Class Members were pressured
17 | to complete their work duties according to a designated schedule such that rest periods were only
18 | taken once tasks were completed, and/or as time permitted.

19 |     124.    As a result, PLAINTIFF and Class Members did not receive legally compliant first,
20 | second, or third rest periods as required by California law.

21 |     125.    Moreover, based on information and belief, DEFENDANTS failed to pay a rest
22 | period premium to PLAINTIFF and other Class Members for each workday in which there was a
23 | missed or otherwise unlawful rest period. Based on further information and belief, when a rest
24 | premium was paid, DEFENDANTS failed to include non-discretionary compensation including but
25 | not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the
26 | regular rate of compensation for purposes of determining the owed rest period premium.

27 |     126.    DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one
28 | hour of additional pay at the regular rate of compensation for each workday that a required rest

1   period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage

2   Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at

3   trial.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

6   127.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

7   128.   Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class

8   Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

9   wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

19   129.   As DEFENDANTS failed to provide PLAINTIFF and other Class Members with

20   meal and rest periods that complied with Labor Code section 226.7, the wage statements

21   DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to

22   correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the

23   total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages

24   earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect

25   during the pay period and the corresponding number of hours worked at each hourly rate by the

26   employee, in violation of Labor Code section 226(a)(9).

27   130.   Moreover, due to violations detailed above, including but not limited to,

28   DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide

28

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  meal and rest break premiums, and failure to pay all sick leave wages at the proper rates,
2  DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish
3  PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross
4  and net wages earned and the correct applicable rates of pay for all hours worked. Based on
5  information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary
6  compensation earned during the pay period into the regular rate of pay for purposes of calculating
7  the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of
8  overtime worked by PLAINTIFF and other Class Members.

9  131.  As explained above, wage statements issued by DEFENDANTS failed to list the
10  "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries,
11  automatic deduction for meal periods/failure to relieve Class Members of all duties and employer
12  control during unpaid meal periods, payment according to scheduled hours worked rather than actual
13  hours worked, and/or other off-the-clock work policies and practices all described in greater detail
14  *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on
15  a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*
16  *Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

17  132.  Separately, and independent from the above allegations, DEFENDANTS issued
18  wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by
19  failing to list the correct name and/or address of the legal entity that is the employer.

20  133.  Based on information and belief, wage statements issued by DEFENDANTS failed
21  to list the inclusive dates of the pay period for which the Class Member is being paid.

22  134.  DEFENDANTS' failure to accurately list all hours worked on all wage statements
23  caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class
24  Members over whether they received all wages owed to them.

25  135.  As a result, PLAINTIFF and other Class Members have suffered injury as they could
26  not easily determine whether they received all wages owed to them and whether they were paid for
27  all hours worked.

28  136.  Based on information and belief, wage statements issued by DEFENDANTS failed

1   to list all applicable hourly rates in effect during the pay period and the corresponding number of
2   hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

3       137.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and
4   Class Members with accurate, itemized wage statements.

5       138.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members
6   have suffered injury. The absence of accurate information on their wage statements has prevented
7   earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and
8   mathematical computations to determine the amount of wages owed, and will cause difficulty and
9   expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the
10  submission of inaccurate information about wages and amounts deducted from wages to state and
11  federal government agencies. As a result, PLAINTIFF and Class Members are required to
12  participate in this lawsuit and create more difficulty and expense from having to reconstruct time
13  and pay records than if DEFENDANT had complied with its legal obligations.

14      139.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members
15  are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226
16  violation occurred and one hundred dollars per employee per violation for each subsequent pay
17  period, not to exceed an aggregate penalty of four thousand dollars per employee.

18      140.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are
19  entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with
20  California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to
21  provide currently employed Class Members with inaccurate wage statements in violation of
22  California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy
23  for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful
24  conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance
25  with California Labor Code § 226(a).

26      141.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class
27  Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable
28  attorneys' fees, and costs of suit.

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay All Wages Due Upon Separation of Employment**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

142.   PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

143.   California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

144.   California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

145.   Based on information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

146.   Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

147.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

148.   California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees

31
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  incurred by the employee enforcing the rights granted by this section."

2      149.   Among other things, under California law, when employees must use their personal

3  cellphones for work-related purposes, the employer must reimburse them for a reasonable

4  percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228

5  Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was

6  required to use their personal cellphone for work-related purposes and not reimbursed for the use.

7  Id. 1144-1145. California law also requires employers to reimburse employees for automobile

8  expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear

9  and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

10      150.   As described above, PLAINTIFF and the Class Members were improperly required

11  to pay for business expenses that are legally the responsibility of the employer.

12      151.   DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full

13  reimbursement for all reasonable expenses associated with carrying out their duties required that

14  PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in

15  violation of Labor Code section 2802.

16      152.   As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class

17  Members have suffered injury in that they were not completely reimbursed as mandated by

18  California law.

19      153.   Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members

20  are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable

21  attorneys' fees, and costs of suit.

22  **EIGHTH CAUSE OF ACTION**
    **Unfair Competition**

23  **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

24      154.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

25      155.   DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition

26  within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair

27  conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS'

28  failure to pay minimum and overtime wages by virtue of its illegal policies and practices;

1  DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay

2  proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized

3  wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure

4  to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to

5  provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to,

6  including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary

7  compensation into the sick pay calculation and failure to base the accrued sick leave on the correct

8  number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and

9  practices, payment according to scheduled hours worked and/or other off-the-clock work policies

10  and practices).

11      156.   Due to DEFENDANTS' unfair and unlawful business practices in violation of the

12  California Labor Code, DEFENDANTS have gained a competitive advantage over other

13  comparable companies doing business in the State of California that comply with their obligations

14  to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums

15  in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate

16  itemized wage statements, to reimburse employees for all business expenses, to pay all owed

17  minimum and overtime wages and to pay all wages due upon separation of employment of their

18  employees.

19      157.   As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF

20  and Class Members have suffered injury in fact and lost money or property, as described in more

21  detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*,

22  PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully

23  belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their

24  unlawful and unfair business practices.

25      158.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class

26  Members, enjoining DEFENDANTS and any and all persons acting in concert with them from

27  engaging in each of the unlawful practices and policies set forth herein.

28      159.   PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc

1  Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted

2  by law.

3  ///

4  ///

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1.  For an order that the action be certified as a class action;

2.  For an order that PLAINTIFF be appointed as class representative;

3.  For an order that counsel for PLAINTIFF be appointed as class counsel;

4.  For compensatory damages according to proof;

5.  For liquidated damages according to proof;

6.  For penalties according to proof;

7.  For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8.  For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9.  For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated: December 28, 2023                    CROSNER LEGAL, PC

By: _____
                                            Jamie K. Serb, Esq.
                                            Brandon Brouillette, Esq.
                                            Zachary M. Crosner, Esq.
                                            Attorneys for Plaintiff,
                                            ROBERT MARTINEZ

1

## **DEMAND FOR JURY TRIAL**

2    PLAINTIFF demands a trial by jury on all claims so triable.

3

4  Dated: December 28, 2023                    **CROSNER LEGAL, PC**

5

6                                        By: _____

7                                            Jamie K. Serb, Esq.
                                            Brandon Brouillette, Esq.
8                                            Zachary M. Crosner, Esq.
                                            Attorneys for Plaintiff,
9                                            ROBERT MARTINEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jamie Serb (SBN 289601), Brandon Brouillette (SBN 273156)<br>Zachary M. Crosner (SBN. 272295)<br>CROSNER LEGAL PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210<br>TELEPHONE NO.: (866) 276-7637   FAX NO. *(Optional):* (310) 510-6429<br>E-MAIL ADDRESS: jamie@crosnerlegal.com, bbrouillette@crosnerlegal.com, zach@crosnerlegal.com<br>ATTORNEY FOR *(Name):* Robert Martinez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/28/2023** at 05:23:16 PM<br>Clerk of the Superior Court<br>By Ines Quirarte, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Robert Martinez v. IHG Management (Maryland) LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)*<br>DEPT.: | JUDGE: Judge Keri Katz |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [x] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation**
   **(Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 28, 2023

Zachary Crosner
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1  JAMIE SERB, ESQ. (SBN 289601)
   jamie@crosnerlegal.com
2  BRANDON BROUILLETTE, ESQ. (SBN 273156)
   bbrouillette@crosnerlegal.com
3  ZACHARY M. CROSNER, ESQ. (SBN 272295)
   zach@crosnerlegal.com
4  **CROSNER LEGAL, PC**
   9440 Santa Monica Blvd. Suite 301
5  Beverly Hills, CA 90210
   Tel: (866) 276-7637
6  Fax: (310) 510-6429

7  Attorneys for Plaintiff ROBERT MARTINEZ
   As an individual on behalf of PLAINTIFF and
8  on behalf of all others similarly situated

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **COUNTY OF SAN DIEGO**

12

13  ROBERT MARTINEZ, as an individual and       Case No.: 37-2023-00056196-CU-OE-CTL
    on behalf of all others similarly situated,
14

15          Plaintiff,
                                                  **PLAINTIFF'S PEREMPTORY**
16                                                **CHALLENGE OF THE HONORABLE**
    v.                                            **KERI KATZ; DECLARATION OF**
17                                                **ZACHARY M. CROSNER IN SUPPORT**
    IHG MANAGEMENT (MARYLAND)                     **THEREOF**
18  LLC, a Maryland Limited Liability
    Company; INTER-CONTINENTAL
19  HOTELS CORPORATION, a Delaware               [Code of Civ. Proc. § 170.6]
    Corporation; INTERCONTINENTAL
20  HOTELS GROUP RESOURCES, LLC, a
    Delaware Limited Liability Company; and
21  DOES 1-100, inclusive,

22          Defendants.

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**01/03/2024** at 10:30:00 AM
Clerk of the Superior Court
By: Mariejo Guyot, Deputy Clerk

1    The attorneys for Plaintiff ROBERT MARTINEZ ("Plaintiff") in the above-entitled action,

2    which involves contested issues of law and fact, and which has been assigned for all purposes

3    including trial to the Honorable Keri Katz, Judge of the above-captioned Court, respectfully

4    exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6 and request that

5    this case be reassigned from the Honorable Keri Katz to another judge, and that no matters

6    hereinafter arising in this action be heard by or assigned to the Honorable Keri Katz on the grounds

7    that the Judge is prejudiced against Plaintiff and/or the interests of the Plaintiff in this action. This

8    motion is based on the matters contained herein, on California Code of Civil procedure section

9    170.6, and the supporting declaration of Zachary M. Crosner attached hereto and filed herewith.

10    WHEREFORE, Plaintiff prays that the relief herein requested be granted.

11

12    Dated:  January 3, 2024                    CROSNER LEGAL, P.C.

13

14

15                                                      Jamie K. Serb, Esq.
                                                       Brandon Brouillette, Esq.
16                                                      Zachary M. Crosner, Esq.
                                                       Attorneys for Plaintiff,
17                                                      ROBERT MARTINEZ

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S PEREMPTORY CHALLENGE OF THE HON. KERI KATZ AND DECLARATION OF
ZACHARY M. CROSNER IN SUPPORT THEREOF

## DECLARATION OF ZACHARY M. CROSNER

I, Zachary M. Crosner, hereby declare and state under oath and under penalty of perjury as follows: I am an attorney duly licensed to practice law in the State of California and I am a member of the law firm of Crosner Legal, P.C., attorneys of record for Plaintiff ROBERT MARTINEZ ("Plaintiff"), in the above-entitled matter. I am informed and believe that the Honorable Keri Katz is the judicial officer assigned for all purposes in this matter, including the trial in this action, and is prejudiced against the interests of Plaintiff. On this basis, Plaintiff and the undersigned believe they cannot have a fair and impartial trial or hearing before this Judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 3rd day of January 2024 at Beverly Hills, California.

ZACHARY M. CROSNER

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
DIVISION:    Central
TELEPHONE NUMBER:    (619) 450-7074

PLAINTIFF(S) / PETITIONER(S):    Robert Martinez

DEFENDANT(S) / RESPONDENT(S):  IHG Management (Maryland) LLC et.al.

MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                       Department: C-74

**COMPLAINT/PETITION FILED:** 12/28/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

SDSC CIV-721 (Rev. 04-21)    **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**    Page: 1

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00056196-CU-OE-CTL      CASE TITLE: Martinez vs IHG Management (Maryland) LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S):   Robert Martinez |
|---|
| DEFENDANT(S): IHG Management (Maryland) LLC et.al. |
| SHORT TITLE:   MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|

Judge: Keri Katz                                    Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                            ☐  Binding private arbitration

☐  Voluntary settlement conference (private)      ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                   ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                               Name of Defendant

_____        _____
Signature                                       Signature

_____        _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____        _____
Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/29/2023                                _____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000099 000000291

ZACHARY M CROSNER
9440 SANTA MONICA BLVD STE 301
BEVERLY HILLS CA 90210-4614

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7070 | |

| PLAINTIFF: Robert Martinez |
|---|
| DEFENDANT: IHG Management (Maryland) LLC et.al. |
| Short Title: Martinez vs IHG Management (Maryland) LLC [IMAGED] |



| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2023-00056196-CU-OE-CTL |
|---|---|

**Filed :** 12/28/2023

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Carolyn Caietti, in Department C-70

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

BatchPrintExtract_01.csv-101-000000291

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED]

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **37-2023-00056196-CU-OE-CTL** |

---

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 01/04/2024. The mailing occurred at Gardena, California on 01/05/2024.


Clerk of the Court, by: _O. Vasquez_ _____ , Deputy
                                    O. Vasquez

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 01/04/2024                    TIME: 02:45:00 PM          DEPT: C-74
JUDICIAL OFFICER PRESIDING: Keri Katz
CLERK: Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2023-00056196-CU-OE-CTL**  CASE INIT.DATE: 12/28/2023
CASE TITLE: **Martinez vs IHG Management (Maryland) LLC [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**APPEARANCES**

---

**Re: Peremptory Challenge**

Plaintiff's Peremptory Challenge filed on 01/03/2024 (#21919077) is GRANTED.

The court finds the challenge is timely filed and the party's/attorney's statement meets the requirements of Code of Civ. Proc. §170.6(a)(4).  The case will be reassigned and a notice will be mailed to the parties and/or counsel.

The Court prepares this minute order because no order was filed with the challenge.

IT IS SO ORDERED.

*Keri Katz*

_____
Judge Keri Katz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | 37-2023-00056196-CU-OE-CTL |

I certify that I am not a party to this cause. I certify that a true copy of the attached minute order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 01/05/2024.

Clerk of the Court, by: _____ , Deputy

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

☐ Additional names and address attached.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                    Page: 1

JAN 1 6 2024

| Attorney or Party without Attorney:<br>JAMIE SERB, ESQ. (SBN 289601)<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd Suite 301<br>Beverly Hills, CA 90210<br>*Telephone No:*  310-496-4818<br><br>*Attorney For:*  Plaintiff | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/18/2024** at 07:15:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |
|---|---|

| *Ref. No. or File No.:*<br>01153 | |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO

*Plaintiff:*  ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated
*Defendant:*  IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2023-00056196-CU-OE-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Notice of Case Reassignment; Minute Order; Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR); Plaintiff's Peremptory Challenge Of The Honorable Keri Katz; Declaration Of Zachary M. Crosner In Support Thereof

3. *a.*  Party served:     INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation
   *b.*  Person served:   Ty Chandler, Authorized to Accept Service for Corporate Creations Network Inc., Agent for Service of Process

4. *Address where the party was served:*   5901 West Century Boulevard, Los Angeles, CA 90045

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jan 16 2024 (2) at *(time)*: 04:42 PM

   (1)   [X]   (business)
   (2)   [ ]   (home)
   (3)   [ ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [ ]   as an individual defendant.
   b.   [ ]   as the person sued under the fictitious name of *(specify)*:
   c.   [ ]   as occupant.
   d.   [X]   On behalf of *(specify)*:   INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation
      under the following Code of Civil Procedure section:
      [X]  416.10 (corporation)                         [ ]  415.95 (business organization, form unknown)
      [ ]  416.20 (defunct corporation)             [ ]  416.60 (minor)
      [ ]  416.30 (joint stock company/association)   [ ]  416.70 (ward or conservatee)
      [ ]  416.40 (association or partnership)     [ ]  416.90 (authorized person)
      [ ]  416.50 (public entity)                      [ ]  415.46 (occupant)
      [ ]  other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | *10233096*<br>*(5577090)*<br>Page 1 of 2 |
|---|---|---|

| Plaintiff: | ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated | Case Number: |
|---|---|---|
| Defendant: | IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company | 37-2023-00056196-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:                  Gabriela Melendez
   b. Address:               **FIRST LEGAL**
                             1517 W. Beverly Blvd.
                             LOS ANGELES, CA 90026
   c. Telephone number:      (213) 250-1111
   d. **The fee** for service was:   $65.65
   e. I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒  a registered California process server:
            (i)   ☐ owner   ☐ employee   ☒ independent contractor
            (ii)  Registration No:   5644
            (iii) County:   Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 01/17/2024 | Gabriela Melendez |
|---|---|
| *(Date)* | |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*10233096*
*(5577090)*
**Page 2 of 2**



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

01/22/2024

InterContinental Hotels Group Resources, LLC
Kim Crumbley
Six Continents Hotels, Inc.
3 Ravinia Drive, Suite 100
Atlanta GA 30346

# SERVICE OF PROCESS NOTICE

Item: 2024-36

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | InterContinental Hotels Group Resources, LLC |
| 2. | **Title of Action:** | Robert Martinez, et al. vs. IHG Management (Maryland) LLC, et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Plaintiff's Peremptory Challenge of the Honorable Keri Katz, et al. |
| 4. | **Court/Agency:** | San Diego County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 37-2023-00056196-CU-OE-CTL |
| 7. | **Case Type:** | Unpaid Wages |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 01/16/2024 |
| 10. | **Date to Client:** | Monday 01/22/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 02/15/2024 | <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jamie K. Serb, Esq.<br>Beverly Hills, CA<br>866-276-7637 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note an unexpected delay in delivery of the document was experienced due to extreme weather conditions. We apologize for any inconvenience.<br>Please note there are other Due Dates listed in the document<br>Also Attached: * Notice of Case Assignment and Case Management Conference (Civil)<br>* Alternative Dispute Resolution (ADR) Information, etc |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability
Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware
Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC,
a Delaware Limited Liability Company; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT MARTINEZ, as an individual and on behalf of all others similarly
situated

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/28/2023** at 05:23:16 PM

Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego - Hall of Justice
330 West Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):* 37-2023-00058196-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (866) 276-7637

<table>
<tr><td>DATE:<br>*(Fecha)* December 29, 2023</td><td>Clerk, by<br>*(Secretario)*</td><td>I. Quirarte</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Intercontinental Hotels Group Resources, LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

JAMIE K. SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE, ESQ. (SBN 273156)
bbrouillette@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff ROBERT MARTINEZ
As an individual on behalf of PLAINTIFF and
on behalf of all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/28/2023** at 05:23:16 PM
Clerk of the Superior Court
By Ines Quirarte,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>          Defendants. | Case No.: 37-2023-00056196-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br>2.  **Recovery of Unpaid Overtime Wages**<br>3.  **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br>4.  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br>5.  **Failure to Furnish Accurate Itemized Wage Statements**<br>6.  **Failure to Timely Pay All Wages Due Upon Separation of Employment**<br>7.  **Failure to Reimburse Business Expenses** *and*<br>8.  **Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

1

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff, ROBERT MARTINEZ, ("PLAINTIFF"), an individual on behalf of PLAINTIFF,
2  and all other similarly situated Class Members (as defined below), hereby files this Complaint
3  against Defendants IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability
4  Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation;
5  INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability
6  Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS").
7  PLAINTIFF is informed and believes and thereon alleges as follows:

8                          **JURISDICTION AND VENUE**

9       1.      This court possesses original subject matter jurisdiction over this matter. Venue is
10  proper in the County of San Diego pursuant to California Code of Civil Procedure section 395.5
11  because DEFENDANTS transact business within this judicial district, DEFENDANTS employed
12  PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by
13  PLAINTIFF herein occurred in this this judicial district.

14                              **THE PARTIES**

15      2.      PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of
16  California and a citizen of the State of California.

17      3.      PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job
18  position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF
19  worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)
20  from in or around April 2023 through on or around October 1, 2023.  PLAINTIFF worked for
21  DEFENDANTS at DEFENDANTS' San Diego, California locations(s).

22      4.      Defendant IHG MANAGEMENT (MARYLAND) LLC is a Maryland Limited
23  Liability Company that, at all relevant times, was authorized to do business within the State of
24  California and is doing business in the State of California.

25      5.      Defendant INTER-CONTINENTAL HOTELS CORPORATION is a Delaware
26  Corporation that, at all relevant times, was authorized to do business within the State of California
27  and is doing business in the State of California.

28      6.      Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC is a

1  Delaware Limited Liability Company that, at all relevant times, was authorized to do business within
2  the State of California and is doing business in the State of California.

3       7.     DEFENDANTS own, operate, manage and/or staff its employees to work at the
4  hotels, resorts, restaurants and/or other facilities and/or other location(s) in California, including but
5  not limited to, hotels and/or resorts and/or restaurants and/or other facilities located in San Diego,
6  California. Based on information and belief, IHG operates multiple hotels, resorts and/or other
7  facilities including but not limited to, hotels and/or resorts operating under at least nineteen (19)
8  brand names, including but not limited to, hotels and/or resorts operating under the brand name(s)
9  "Intercontinental" and/or "Intercontinental Hotels & Resorts". DEFENDANTS, through its various
10  locations, serve the hospitality industry.[1]

11       8.     The true names and capacities of the DOE Defendants sued herein as DOES 1
12  through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such
13  Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally
14  responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this
15  Complaint to reflect the true names and capacities of the Doe Defendants when such identities
16  become known.

17       9.     PLAINTIFF is further informed and believes that, at all relevant times, each
18  Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,
19  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
20  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of
21  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all
22  of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this
23  complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant
24  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant
25  times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,
26  controlled, aided and abetted the conduct of all other Defendants.

27

28  [1] *See* https://www.ihg.com/content/us/en/about/brands.  Last visited on December 28, 2023.

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## JOINT LIABILITY

10.    Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

11.    During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

12.    .PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices

4

1  across all of their locations/facilities and subjected all of the Class Members to these same policies
2  and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is
3  informed and believes that: (1) there is common ownership in, and financial control, in
4  DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control
5  over the day-to-day operations and employment matters, including the power to hire and fire, set
6  schedules, issue employee policies, and determine rates of compensation across its locations in
7  California; (3) DEFENDANTS utilize the same policies and procedures for all California
8  employees, including issuing the same employee handbooks and other form agreements; (4)
9  DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee
10 employment matters; and, (6) DEFENDANTS share employees.

11       13.     For example, DEFENDANTS, and each of them, maintain the same agent for service
12 of process and principal business office as provided to the California Secretary of State and based
13 on information and belief, maintain some of the same attorneys and/or human resources personnel
14 to oversee employment related matters. PLAINTIFF is informed and believes, and thereon alleges
15 that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF
16 and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of
17 action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class
18 Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the
19 Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class
20 Members.

21       14.     Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a
22 uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay,
23 time-keeping practices, meal and rest periods, reimbursement of business expenses and other
24 working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members,
25 and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF
26 and the Class Members in a uniform manner. DEFENDANTS collectively represented to
27 PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and
28 that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members'

5

1  employment with or without cause. Upon information and belief, DEFENDANTS further
2  collectively represented to PLAINTIFF and Class Members in writing the details of their
3  compensation, and the manner in which they were to take meal and rest periods, the procedures
4  required by DEFENDANTS collectively for recordation of hours worked and the policies applicable
5  to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage
6  rates of PLAINTIFF and Class Members.

7    15.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours
8  and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively
9  held the right to control virtually every aspect of PLAINTIFF's and the Class Members'
10 employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF
11 seeks relief in this Complaint.

12    16.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same
13 control over, applied the same policies and practices, and engaged in the same acts and omissions
14 with regard to the other Class Members.

15                          **CLASS ALLEGATIONS**

16    17.    PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly
17 situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF
18 seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

19                    All current and former non-exempt employees that worked either
20                    directly or via a staffing agency for any one or more of the
21                    DEFENDANTS at any location in California at any time within the
22                    four years prior to the filing of the initial Complaint ("Class Period").

23              a. Numerosity. While the exact number of Class Members is unknown to
24                    PLAINTIFF at this time, the Class is so numerous that the individual joinder of
25                    all members is impractical under the circumstances of this case. PLAINTIFF is
26                    informed and believes the Class consists of at least 100 individuals.

27              b. Common Questions of Law and Fact. This lawsuit is suitable for class treatment
28                    because common questions of law and fact predominate over individual issues.

Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq*.

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other

7

1      Class Members. Counsel who represent PLAINTIFF are competent and

2      experienced in litigating similar class action cases and are California lawyers in

3      good standing. Counsel for PLAINTIFF have the experience and resources to

4      vigorously prosecute this case.

5    f.  Superiority. A class action is superior to other available means for the fair and

6      efficient adjudication of this controversy since individual joinder of all members

7      of the class is impractical. Class action treatment will permit a large number of

8      similarly situated persons to prosecute their common claims in a single forum

9      simultaneously, efficiently, and without the unnecessary duplication of effort

10      and expense that numerous individual actions would engender. Furthermore, as

11      the damages suffered by each individual member of the Class may be relatively

12      small, the expenses and burden of individual litigation would make it difficult

13      or impossible for individual members of the Class to redress the wrongs done to

14      them, while an important public interest will be served by addressing the matter

15      as a class action. The cost to the court system of adjudication of such

16      individualized litigation would be substantial. Individualized litigation would

17      also present the potential for inconsistent or contradictory judgments. Finally,

18      the alternative of filing a claim with the California Labor Commissioner is not

19      superior, given the lack of discovery in such proceedings, the fact that there are

20      fewer available remedies, and the losing party has the right to a trial de novo in

21      the Superior Court.

22         **FACTUAL AND LEGAL ALLEGATIONS**

23    18.    During the relevant period, PLAINTIFF and each of the Class Members worked for

24  DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised

25  control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

26    19.    PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job

27  position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF

28  worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)

1  from in or around April 2023 through on or around October 1, 2023.

2      20.    PLAINTIFF worked for DEFENDANTS at DEFENDANTS' San Diego, California

3  location(s). DEFENDANTS assigned PLAINTIFF to work at DEFENDANTS' facilities located in

4  San Diego, California, including but not limited to, at DEFENDANTS' restaurants and/or bars

5  and/or other facilities located within one of DEFENDANTS' hotel(s) and/or resort(s) in San Diego,

6  California.

7      21.    PLAINTIFF regularly worked at least ten (10) hours per day when working for

8  DEFENDANTS as a server and/or similar title(s) and/or position(s), and at least eight (8) to sixteen

9  (16) hours per day hours when working as a non-exempt supervisor and/or similar title(s) and/or

10  position(s). PLAINTIFF regularly worked at least five (5) days per week.

11      22.    DEFENDANTS paid PLAINTIFF an hourly rate for time counted by

12  DEFENDANTS as hours worked. At all relevant times, PLAINTIFF was a non-exempt employee

13  that was paid on an hourly basis for time counted by DEFENDANTS as hours worked.

14      23.    **Unpaid Minimum and Overtime Wages.** DEFENDANTS failed to compensate

15  PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum

16  and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all

17  hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and

18  failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise

19  unlawful practices for missed or improper meal periods, as explained below.

20      24.    Based on information and belief, DEFENDANTS implemented a policy and/or

21  practice of rounding meal period start and end times and/or automatically deducting at least thirty

22  minutes per shift for meal periods, despite having actual and/or constructive knowledge that

23  PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

24  meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and

25  Class Members of all wages owed.

26      25.    Based on information and belief, Class Members were not paid for all hours worked

27  due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked

28  instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

26.     For example, as explained below, based on information and belief, DEFENDANTS would unlawfully edit the clock in and out times for PLAINTIFF's and other Class Members' meal periods in order to display at least a thirty minute off-duty meal period during most if not all shifts worked, notwithstanding the fact that DEFENDANTS had actual and/or constructive knowledge that DEFENDANTS had required PLAINTIFF and other Class Members' to perform work-related tasks during their meal periods.

27.     Based on information and belief, DEFENDANTS required Class Members to be at their assigned workstations at the start of a scheduled shift, thereby forcing Class Members to gather work-related equipment and/or safety gear, make any necessary adjustments to tools/equipment and/or perform maintenance/cleaning tasks, don work clothing/uniforms and/or protective equipment, and/or complete other work tasks prior to their scheduled shift and/or prior to clocking in/signing in, thereby resulting in pre-shift off-the-clock work.

28.     Based on information and belief, Class Members were required to complete other off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in off-the-clock work and the underpayment of minimum and overtime wages owed to Class Members.

29.     For example, based on information and belief, DEFENDANTS required Class Members to clock out for the end of their shifts but to continue working due to the need to return/maintain tools, clean and/or organize their work stations/areas, provide shift status updates and/or debriefings and/or participate in work meetings, respond to work-related communications and/or perform other work tasks off-the-clock, resulting in the underpayment of minimum wages and overtime wages owed to Class Members.

30.     Based on information and belief, DEFENDANTS did not compensate Class Members for time spent donning and doffing personal protective equipment and/or uniforms (e.g., rubber gloves, hairnets, aprons, hats, and/or face masks) during meal periods, before the start of a scheduled shift, and/or after completing a scheduled shift, resulting in the underpayment of wages owed to Class Members.

31.     Based on information and belief, at times, Class Members were required to complete

10

1  off-the-clock work outside of scheduled shifts due to work-related phone calls and/or messages they

2  received to their phones/mobile devices and were required to respond to, including but not limited

3  to, communications from supervisors regarding scheduling and/or other work tasks, resulting in the

4  underpayment of wages owed to Class Members.

5       32.    PLAINTIFF and other Class Members were required to perform other off-the-clock

6  work for which they were not compensated.  For example, based on information and belief, at times,

7  DEFENDANTS' biometric/electronic/POS employee time-keeping system malfunctioned such that

8  Class Members were required to either reinitiate and/or otherwise troubleshoot the system prior to

9  being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock

10  back in from meal periods, resulting in off-the-clock work and the underpayment of wages owed to

11  Class Members. Based on information and belief, Class Members experienced the same issues when

12  clocking out for shifts and/or back in for meal periods.  This time spent under DEFENDANTS'

13  control was not recorded and not compensated and resulted in unpaid minimum wages owed to

14  Class Members.

15       33.    Moreover, based on information and belief, Class Members who opened their work

16  locations were required to first unlock the doors, turn on all the lights in the restaurant/facility and/or

17  deactivate the alarm before clocking in for work, resulting in pre-shift off-the-clock work and the

18  underpayment of wages owed to Class Members. Based on further information and belief, Class

19  Members in charge of closing their location(s) were required to first clock out for their shifts before

20  enabling the alarm, turning off all the lights in the facility and/or locking the doors. This resulted in

21  additional off-the-clock post-shift work that was not compensated and the underpayment of wages

22  owed to Class Members.

23       34.    Based on information and belief, DEFENDANTS required Class Members to

24  undergo COVID-19 temperature screenings and/or complete questionnaires prior to beginning their

25  scheduled shift and/or prior to clocking/signing in, thereby, resulting in pre-shift off-the-clock work.

26       35.    Based on information and belief, at times, DEFENDANTS require/required Class

27  Members to travel around and/or between DEFENDANTS' restaurants, hotels, offices, facilities

28  and/or locations without compensating Class Members for the travel time.

36.     For example, based on information and belief, due to scheduling issues and/or understaffing, Class Members were at times required after working at their scheduled facility location to cover a shift at another of DEFENDANTS' restaurants/facilities/locations but were not compensated for the time spent driving to the second restaurant/facility, resulting in the underpayment of minimum and overtime wages owed to Class Members.  Based on information and belief, DEFENDANTS failed to compensate Class Members for all time spent completing DEFENDANTS' required trainings and/or courses (e.g., food safety and/or food handler courses) and/or testings and/or certifications (e.g., food handler certifications).

37.     Based on information and belief, DEFENDANTS failed to pay Class Members the applicable minimum wage for the county and/or city within which the Class Member worked in California.

38.     Moreover, based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift premium wages when they worked split shifts during the relevant period.  For example, based on information and belief, at times, DEFENDANTS required PLAINTIFF and/or other Class Members to work two separate shifts in the same day. Based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift compensation whenever PLAINTIFF's and/or other Class Members' work schedules were interrupted by non-paid non-working periods established by DEFENDANTS, which resulted in a violation of the applicable Wage Order (See section 4 of all applicable Wage orders, "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday…). See, also, Cal. Code Regs. Tit. 8, § 11050 (when an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment). DEFENDANTS also failed to separately itemize these split shift premium wages on PLAINTIFF's and/or other Class Members' wage statements, in violation of Labor Code sections 510, 1194 and all applicable IWC Wage Orders. See, https://www.dir.ca.gov/dlse/split_shift.htm. (The employer must itemize the premium payment on the pay stub provided to the employee, and it should be shown as a separate category such as "Split Shift Premium" and should not be lumped

12
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   into another category such as wages, bonus, etc. DEFENDANTS failed to separately account for

2   the split shift premiums earned by PLAINTIFF and/or other Class Members on their wage

3   statements.

4       39.    Based on information and belief, DEFENDANTS failed to pay Class Members for

5   time they were required to spend completing orientation, policy questionnaires, and/or time spent

6   completing the onboarding process including but not limited to reviewing various documents and

7   policies provided by DEFEDANTS. Based on information and belief, this work time was completed

8   off-the-clock and was not compensated.

9       40.    Based on further information and belief, DEFENDANTS implemented a time-

10   rounding system that as applied systematically deprived PLAINTIFF and other Class Members of

11   compensable time because the time-rounding system implemented by DEFENDANTS would

12   almost always, if not always, result in understating actual compensable work time.

13       41.    DEFENDANTS' failure to pay for all time worked by virtue of its time rounding,

14   auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal

15   periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of

16   minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for

17   those Class Members who worked more than eight (8) hours in a day and/or more than forty (40)

18   hours in a week.

19       42.    Based on information and belief, DEFENDANTS had actual and/or constructive

20   knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to

21   provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the

22   underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of

23   California's minimum and overtime wage laws.

24       43.    Based on information and belief, DEFENDANTS failed and continue to fail to pay

25   Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per

26   workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a

27   work week, in violation of California's overtime laws.

28       44.    Based on information and belief, DEFENDANTS failed to incorporate all non-

1   discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or

2   other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s),

3   resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other

4   Class Members.

5      45.   **Meal Period Violations.** PLAINTIFF and other Class Members consistently worked

6   shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,

7   PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first

8   and second meal periods. Based on information and belief, Class Members were consistently unable

9   to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late

10  meal periods, interrupted meal periods, and/or work through part or all their meal periods due to

11  understaffing, the nature and constraints of their job duties and/or commentary from supervisors

12  pressuring them to take non-compliant meal periods or skip meal periods completely.

13     46.   For example, based on information and belief, Class Members were forced to take

14  late meal periods in order to complete assigned job duties. Based on information and belief, Class

15  Members were at times interrupted during purported meal periods and/or had meal periods cut short

16  and/or restricted to DEFENDANTS' premises due to the need to continue assigned job duties.

17     47.   For example, when working for DEFENDANTS as a server and/or similar title(s)

18  and/or position(s), PLAINTIFF was required to sometimes take his meal periods late and/or take

19  shortened and/or interrupted meal periods and/or work through his meal periods completely.

20     48.   When working for DEFENDANTS as a non-exempt supervisor and/or similar title(s)

21  and/or position(s), PLAINTIFF was forced to work through his first meal periods during

22  approximately at least half of his shifts due to understaffing and/or lack of relief workers.

23     49.   For example, at times, PLAINTIFF worked shifts lasting at least sixteen (16) hours

24  long without receiving any meal periods during those shifts.

25     50.   Also, per DEFENDANTS' unlawful meal period policies and practices,

26  DEFENDANTS failed to relieve PLAINTIFF and other Class Members of all duties and

27  DEFENDANTS' control during unpaid meal periods by including but not limited to, restricting

28  PLAINTIFF and other Class Members to the worksite premises during purportedly off-duty meal

1  periods, resulting in denied meal periods as well as DEFENDANTS' failure to compensate
2  PLAINTIFF and other Class Members for all hours worked.

3    51. Based on information and belief, other Class Members were consistently suffered
4  and permitted to take meal periods past the fifth hour of work and/or had their meal periods
5  interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to
6  commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or
7  the need to meet DEFENDANTS' goals and expectations.

8    52. Based on information and belief, DEFENDANTS implemented policies and/or
9  practices that failed to relieve Class Members of all duties and DEFENDANTS' control during
10 unpaid meal periods.

11   53. Based on information and belief, DEFENDANTS required Class Members to
12 complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take
13 into account when scheduling meal periods for Class Members. Based on information and belief,
14 meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

15   54. Based on information and belief, despite DEFENDANTS' failure to provide lawful
16 meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end
17 times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at
18 least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having
19 actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive
20 lawful meal periods.

21   55. Moreover, per DEFENDANTS' uniform policy and practice, Class Members who
22 worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute
23 second meal period.

24   56. For example, when PLAINTIFF worked shifts lasting longer than ten (10) and/or
25 twelve (12) hours, PLAINTIFF was not provided with any second meal period.

26   57. Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and
27 other Class Members as to the timing and duty-free nature of meal periods. Based on further
28 information and belief, DEFENDANTS did not have a written meal period policy, nor did

1  DEFENDANTS have any sort of compliant policy in practice.

2      58.    Moreover, based on information and belief, DEFENDANTS failed to keep accurate
3  records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based
4  on information and belief, to the extent meal period were recorded, DEFENDANTS illegally
5  rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class
6  Members not being paid for all time worked as well as late and/or shortened meal periods. *See*
7  *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

8      59.    Based on information and belief, DEFENDANTS had actual and/or constructive
9  knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which
10  were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation
11  of California's meal period laws.

12      60.    DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional
13  hour of wages at their respective regular rates of compensation for each workday a lawful meal
14  period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each
15  workday a lawful meal period was not provided and/or failed to pay the proper meal period premium
16  for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses,
17  shift differential pay and/or other non-discretionary compensation into the regular rate or
18  compensation for purposes of calculating the owed meal period premium.

19      61.    **Rest Period Violations.** DEFENDANTS did not properly authorize and provide
20  PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4)
21  hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the
22  work period, as required by law.

23      62.    PLAINTIFF and other Class Members were not adequately informed, authorized,
24  instructed about, nor permitted an opportunity to take proper rest periods per California law. Based
25  on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of
26  duty-free rest periods.

27      63.    Based on information and belief, DEFENDANTS did not have a have a compliant
28  written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in

1  practice.

2    64.   For example, based on information and belief, Class Members were unable to take

3  compliant rest periods due to their need to complete assigned job duties and/or were unable to take

4  a net ten-minute rest period in a suitable rest area and/or had purported rest periods restricted to

5  DEFENDANTS' premises.

6    65.   Based on information and belief, Class Members' rest periods were interrupted, cut

7  short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of

8  their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest

9  periods completely or otherwise take non-compliant rest periods.

10    66.   Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts

11  lasting longer than ten hours.

12    67.   Based on information and belief, DEFENDANTS implemented policies and/or

13  practices that failed to relieve PLAINTIFF and other Class Members of all duties and

14  DEFENDANTS' control during rest periods.

15    68.   Based on information and belief, Class Members were pressured to complete their

16  work duties according to a designated schedule such that rest periods were only taken once tasks

17  were completed, and/or as time permitted.

18    69.   Furthermore, DEFENDANTS failed to pay a rest period premium for each day in

19  which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of

20  California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a

21  proper rest period was not provided and/or failed to pay the proper rest period premium for failure

22  to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift

23  differential pay, and/or other non-discretionary compensation into the regular rate of compensation

24  for purposes of calculating the owed rest period premium.

25    70.   **Inaccurate Wage Statements**. During the relevant period, DEFENDANTS failed to

26  provide PLAINTIFF and other Class Members with accurate wage statements that complied with

27  Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with

28  meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS

1    issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross

2    wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

3    during the pay period and the corresponding number of hours worked at each hourly rate by the

4    employee.

5        71.    DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also

6    failed to indicate the earned gross and net wages earned during the pay period, the correct applicable

7    rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members

8    (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class

9    Members of all duties and employer control during unpaid meal periods, payment according to

10    scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies

11    and practices) which results in a violation of Labor Code section 226(a).

12        72.    Separately, and independent of the above allegations, based on information and

13    belief, DEFENDANTS issued wage statements to Class Members that failed to list the total hours

14    worked, in violation of including but not limited to, Labor Code section 226 (a)(2).

15        73.    As described herein, based on information and belief, DEFENDANTS also failed to

16    incorporate all forms of non-discretionary compensation earned during the pay period into the

17    overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour

18    of overtime worked by PLAINTIFF and other Class Members.

19        74.    Based on information and belief, wage statements issued by DEFENDANTS failed

20    to list the inclusive dates of the pay period for which the Class Member is being paid.

21        75.    For example, based on information and belief, wage statements issued by

22    DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is

23    being paid. For example, based on information and belief, at times, DEFENDANTS issued wage

24    statements to Class Members containing payment for hours worked during previous pay periods,

25    yet DEFENDANTS' wage statements do not include the inclusive dates of the accurate pay period

26    for that retroactive pay, further failing to list the total hours worked for the pay period, including but

27    not limited to, the total hours worked for the pay period the retroactive pay corresponds with.

28        76.    For example, based on information and belief, at times, DEFENDANTS issued wage

1  statement(s) to Class Members that list a category for "Retro" pay without including the inclusive

2  dates of the accurate pay period for that "Retro" pay, further failing to list the total hours worked

3  for the pay period, including but not limited to, the total hours worked for the pay period the

4  retroactive pay corresponds with, in violation of including but not limited to, Labor Code section

5  226(a)(2) and/or Labor Code section 226(a)(6).

6        77.  Based on information and belief, wage statements issued by DEFENDANTS failed

7  to list all applicable hourly rates in effect during the pay period and the corresponding number of

8  hours worked at hear hourly rate by the employee, in violation of including but not limited to, Labor

9  Code section 226(a)(9).

10        78.  For example, based on information and belief, wage statements issued by

11  DEFENDANTS to Class Members failed to list all applicable hourly rates in effect during the pay

12  period and the corresponding number of hours worked at each hourly rate by the employee, in

13  violation of Labor Code section 226(a)(9) due to DEFENDANTS' failure to list an overtime rate

14  category at all and/or failure to list a category containing the proper overtime rate.

15        79.  As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class

16  Members that were not accurate and did not include all of the statutorily required information. As

17  such, DEFENDANTS violated Labor Code section 226.

18        80.  **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on

19  information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due

20  and owing upon termination or resignation. Based on information and belief, DEFENDANTS

21  untimely provide final wages to Class Members without regard to the timing requirements of Labor

22  Code sections 201-202.

23        81.  Upon separation of employment, Class Members' final paychecks were not timely

24  provided and/or were not timely provided with all owed vacation pay and/or paid time off.

25  Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all

26  wages owed as they were devoid of, including but not limited to, all owed minimum wages, overtime

27  wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the

28  properly accrued rates (including but not limited to, all owed vacation pay/paid time off paid at the

1 final rate including non-discretionary compensation, including but not limited to, shift
2 differentials)..

3    82.    Based on further information and belief, DEFENDANTS failed to timely provide all
4 owed wages immediately upon discharge of employment. Based on information and belief, at times,
5 Class Members experienced breaks in employment caused by DEFENDANTS whereby Class
6 Members would not be called in for work for longer than a single pay period due to including but
7 not limited to DEFENDANTS' lack of work or lack of assignments. Such instances qualify as a
8 discharge of employment. Yet, DEFENDANTS failed to timely pay all owed wages at the end of
9 such periods of employment, in violation of including but not limited to Labor Code section 201-
10 202.

11    83.    These violations subject DEFENDANTS to civil penalties under Labor Code section
12 203, 210, and/or 256.

13    84.    **Unreimbursed Business Expenses**. Based on information and belief,
14 DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct
15 consequence of the performance of their job duties without providing reimbursement, in violation
16 of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members
17 were improperly required to provide and maintain work tools that are supposed to be the
18 responsibility of the employer.

19    85.    Based on information and belief, DEFENDANTS shifted the costs of doing business
20 onto PLAINTIFF and other Class Members requiring them to pay for business expenses including
21 but not limited to, uniforms/work clothing/work shoes, personal protective/safety gear and/or the
22 use of Class Members' personal mobile phone and data usage for work-related purposes including
23 but not limited to receiving and responding to work-related messages and/or phone calls.

24    86.    For example, on information and belief, Class Members received calls/messages to
25 their personal cell phones/mobile devices from supervisors and/or other Class Members regarding
26 scheduling and/or other work tasks but were not provided any and/or full reimbursement from
27 DEFENDANTS for these business expenses incurred as a result of being required to use their
28 personal cell phone(s)/mobile device(s) to carry out their assigned job duties.

87.     For example, PLAINTIFF was required to use his personal cell phone/mobile device for work, including but not limited to, to make and/or receive work-related calls and/or messages. For example, oftentimes PLAINTIFF's supervisor(s) called PLAINTIFF on PLAINTIFF's personal mobile device including but not limited to, during work hours.  DEFENDANTS did not provide PLAINTIFF with any and/or full reimbursement for the business expenses PLAINTIFF incurred in connection with being required to use his personal cell phone/mobile device to carry out his assigned job duties, including without limitation, expenses associated with increased data plan charges. Based on information and belief, Class Members were not reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear.

88.     For example, based on information and belief, Class Members were not reimbursed for the costs of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear, such as, but not limited to, face masks, gloves, hairnets and/or work shoes. Based on information and belief, at times, DEFENDANTS required Class Members to use their personal vehicles for work without reimbursing them for the personal vehicle expenses they incurred in connection therewith.

89.     For example, based on information and belief, at times, DEFENDANTS required Class Members to travel from one of DEFENDANTS' hotels/resorts/facilities/restaurants to a second of DEFENDANTS' hotels/resorts/facilities/restaurants for work and/or otherwise required Class Members to use their personal vehicles to carry out their assigned job duties without reimbursing Class Members for the expenses incurred in connection with DEFENDANTS' business use of their personal vehicles.

90.     As such, DEFENDANTS failed to reimburse Class Members at the legally mandated Internal Revenue Service (IRS) per mile compensation rates in effect during the relevant period.

91.     As explained above, based on information and belief, Class Members were not reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety gear.

92.     Based on information and belief, DEFENDANTS regularly failed to reimburse and indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802, PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by DEFENDANTS.

93.     DEFENDANTS' failure to provide Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

94.     PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices and that DEFENDANTS applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Minimum Wages and Liquidated Damages
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

95.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

96.     It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale.

97.     Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

98.     DEFENDANTS violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

22

1    DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work

2    completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,

3    and/or payment according to scheduled hours worked rather than actual hours worked (described

4    above), which resulted in the failure to account for all hours worked and thus the denial of minimum

5    wages.

6        99.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and

7    Class Members for all hours worked.

8        100.    Based on information and belief, DEFENDANTS had actual or constructive

9    knowledge that its time-rounding policies and practices, auto-deduction policies and practices for

10   meal periods, failure to relieve employees of all duties and employer control during unpaid meal

11   periods, policy and practice of payment according to scheduled work time rather than actual work

12   time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages

13   owed to PLAINTIFF and other Class Members.

14       101.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

15   Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus

16   attorney's fees and costs, in an amount to be proved at trial.

17                          **SECOND CAUSE OF ACTION**
                           **Recovery of Unpaid Overtime Wages**
18               **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

19       102.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

20       103.    Employees in California must be paid overtime, equal to one and one-half times the

21   employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

22   12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of

23   work in a workweek, and they must be paid double the regular rate of pay for all hours worked in

24   excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh

25   consecutive day of work in a workweek, unless they are exempt.

26       104.    PLAINTIFF and the Class Members worked overtime hours for which they were not

27   compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,

28   automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

23

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to
2  scheduled hours worked rather than actual hours worked (described above), and/or other unlawful
3  policies and/or practices described above which resulted in unpaid minimum and overtime wages
4  which resulted in the failure to account for all hours worked and thus the denial of all owed overtime
5  wages.

6      105.   Based on information and belief, DEFENDANTS failed to pay twice Class
7  Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for
8  time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in
9  violation of California's overtime laws.

10      106.   Based on information and belief, DEFENDANTS further violated California's
11  overtime wage laws by failing to incorporate all non-discretionary compensation, including but not
12  limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary
13  compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to
14  include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of
15  the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and
16  other Class Members.

17      107.   DEFENDANTS' conduct described above is in violation of California Labor Code
18  sections 510 and 1194 and all applicable Wage Orders.

19      108.   PLAINTIFF and the Class Members are entitled to recover all unpaid overtime
20  wages, plus attorney's fees and costs, in an amount to be proved.

21                       **THIRD CAUSE OF ACTION**
        **Failure to Provide Meal Periods or Compensation in Lieu Thereof**
22       **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

23      109.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

24      110.   Pursuant to Labor Code section 512 and all applicable IWC Wage Orders,
25  DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute
26  meal break free from all duties and employer control for all shifts longer than 5 hours, and a second
27  30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be
28  waived, but only under the following circumstances: (1) if an employee's total work period in a day

1  is over five (5) hours but no more than six (6) hours, the required meal period may be waived by
2  mutual consent of the employer and employee, and (2) if an employee's total work period in a day
3  is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be
4  waived by mutual consent of the employer and employee, but only if the first meal period was not
5  waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their
6  employees for at least one meal period for shifts over five hours (see above), and (2) to record having
7  done so.

8      111.   Employers must pay employees an additional hour of wages at the employees'
9  regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted
10  meal period, first meal period provided after five (5) hours, second meal period provided after 10
11  hours). Lab. Code § 226.7.

12      112.   As explained above, PLAINTIFF and other Class Members were consistently unable
13  to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being
14  forced to take late meal periods, interrupted meal periods, and/or work through part or all of their
15  meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary
16  from supervisors pressuring them to take non-compliant meal periods or skip meal periods
17  completely.

18      113.   Based on information and belief, DEFENDANTS had and continue to have a policy
19  of rounding the start and end times of employees' meal periods and/or automatically deducting thirty
20  minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class
21  Members did not receive compliant meal periods.

22      114.   Moreover, based on information and belief, Class Members did not receive a timely,
23  uninterrupted second meal period when working shifts over ten (10) hours in a workday.

24      115.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had
25  actual and/or constructive knowledge that its time-rounding and auto-deduction policies and
26  practices, other unlawful policies and practices resulted in the denial of compliant meal periods in
27  violation of California's meal period laws.

28      116.   DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

1  periods in violation of California law and/or failed to pay the proper meal period premium for failure
2  to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift
3  differential pay and/or other non-discretionary compensation into the regular rate or compensation
4  for purposes of calculating the owed meal period premium.

5  117. As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members
6  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day
7  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,
8  all in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

11  118. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

12  119. Labor Code section 226.7 and all applicable IWC Wage Orders require an employer
13  to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours
14  worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period
15  "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), the
16  California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts
17  from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10
18  hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029).
19  The rest period requirement obligates employers to permit and authorize employees to take off-duty
20  rest periods, meaning employers must relieve employees of all duties and relinquish control over
21  how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

22  120. If the employer fails to provide any required rest period, the employer must pay the
23  employee one hour of pay at the employee's regular rate of compensation for each workday the
24  employer did not provide at least one legally required rest period, pursuant to Labor Code section
25  226.7.

26  121. Moreover, under California law rest periods must be a "net" ten minutes in a suitable
27  rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards
28  Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest

26
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  periods means ten minutes of time in a rest area and cannot include time it takes to get to and from

2  the rest area). The employer must show that it clearly articulates the right to a net ten minutes,

3  which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what

4  happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in

5  the rest area). *Id.*; see also, *Bufil v. Dollar Fin. Grp., Inc.*, (2008) 162 Cal. App. 4th 1193, 1199 (the

6  "onus is on the employer to clearly communicate the authorization and permission [to take rest

7  periods] to its employees.").

8       122.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-

9  minute rest periods for every four (4) hours worked or major fraction thereof. As explained above,

10  any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to

11  DEFENDANTS' control due to the nature and constraints of Class Members' job duties,

12  understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to

13  skip rest periods completely or otherwise take non-compliant rest periods.

14       123.    Based on information and belief, DEFENDANTS implemented policies and/or

15  practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer

16  control during rest periods. Based on further information and belief, Class Members were pressured

17  to complete their work duties according to a designated schedule such that rest periods were only

18  taken once tasks were completed, and/or as time permitted.

19       124.    As a result, PLAINTIFF and Class Members did not receive legally compliant first,

20  second, or third rest periods as required by California law.

21       125.    Moreover, based on information and belief, DEFENDANTS failed to pay a rest

22  period premium to PLAINTIFF and other Class Members for each workday in which there was a

23  missed or otherwise unlawful rest period. Based on further information and belief, when a rest

24  premium was paid, DEFENDANTS failed to include non-discretionary compensation including but

25  not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the

26  regular rate of compensation for purposes of determining the owed rest period premium.

27       126.    DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one

28  hour of additional pay at the regular rate of compensation for each workday that a required rest

1   period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage

2   Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at

3   trial.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

6   127.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

7   128.   Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class

8   Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized

9   wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

19   129.   As DEFENDANTS failed to provide PLAINTIFF and other Class Members with

20   meal and rest periods that complied with Labor Code section 226.7, the wage statements

21   DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to

22   correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the

23   total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages

24   earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect

25   during the pay period and the corresponding number of hours worked at each hourly rate by the

26   employee, in violation of Labor Code section 226(a)(9).

27   130.   Moreover, due to violations detailed above, including but not limited to,

28   DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide

1   meal and rest break premiums, and failure to pay all sick leave wages at the proper rates,

2   DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish

3   PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross

4   and net wages earned and the correct applicable rates of pay for all hours worked. Based on

5   information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary

6   compensation earned during the pay period into the regular rate of pay for purposes of calculating

7   the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of

8   overtime worked by PLAINTIFF and other Class Members.

9       131.   As explained above, wage statements issued by DEFENDANTS failed to list the

10   "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries,

11   automatic deduction for meal periods/failure to relieve Class Members of all duties and employer

12   control during unpaid meal periods, payment according to scheduled hours worked rather than actual

13   hours worked, and/or other off-the-clock work policies and practices all described in greater detail

14   *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on

15   a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*

16   *Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

17       132.   Separately, and independent from the above allegations, DEFENDANTS issued

18   wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by

19   failing to list the correct name and/or address of the legal entity that is the employer.

20       133.   Based on information and belief, wage statements issued by DEFENDANTS failed

21   to list the inclusive dates of the pay period for which the Class Member is being paid.

22       134.   DEFENDANTS' failure to accurately list all hours worked on all wage statements

23   caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class

24   Members over whether they received all wages owed to them.

25       135.   As a result, PLAINTIFF and other Class Members have suffered injury as they could

26   not easily determine whether they received all wages owed to them and whether they were paid for

27   all hours worked.

28       136.   Based on information and belief, wage statements issued by DEFENDANTS failed

to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

137.  DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

138.  As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

139.  Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

140.  Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

141.  Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### SIXTH CAUSE OF ACTION
**Failure to Timely Pay All Wages Due Upon Separation of Employment**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

142.    PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

143.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

144.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

145.    Based on information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

146.    Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

147.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

148.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees

31
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1 incurred by the employee enforcing the rights granted by this section."

2    149.    Among other things, under California law, when employees must use their personal

3 cellphones for work-related purposes, the employer must reimburse them for a reasonable

4 percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228

5 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was

6 required to use their personal cellphone for work-related purposes and not reimbursed for the use.

7 Id. 1144-1145. California law also requires employers to reimburse employees for automobile

8 expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear

9 and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

10    150.    As described above, PLAINTIFF and the Class Members were improperly required

11 to pay for business expenses that are legally the responsibility of the employer.

12    151.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full

13 reimbursement for all reasonable expenses associated with carrying out their duties required that

14 PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in

15 violation of Labor Code section 2802.

16    152.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class

17 Members have suffered injury in that they were not completely reimbursed as mandated by

18 California law.

19    153.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members

20 are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable

21 attorneys' fees, and costs of suit.

22

**EIGHTH CAUSE OF ACTION**
**Unfair Competition**

23 **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

24    154.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

25    155.    DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition

26 within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair

27 conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS'

28 failure to pay minimum and overtime wages by virtue of its illegal policies and practices;

32
PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay
2   proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized
3   wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure
4   to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to
5   provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to,
6   including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary
7   compensation into the sick pay calculation and failure to base the accrued sick leave on the correct
8   number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and
9   practices, payment according to scheduled hours worked and/or other off-the-clock work policies
10  and practices).

11      156.   Due to DEFENDANTS' unfair and unlawful business practices in violation of the
12  California Labor Code, DEFENDANTS have gained a competitive advantage over other
13  comparable companies doing business in the State of California that comply with their obligations
14  to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums
15  in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate
16  itemized wage statements, to reimburse employees for all business expenses, to pay all owed
17  minimum and overtime wages and to pay all wages due upon separation of employment of their
18  employees.

19      157.   As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF
20  and Class Members have suffered injury in fact and lost money or property, as described in more
21  detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*,
22  PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully
23  belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their
24  unlawful and unfair business practices.

25      158.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class
26  Members, enjoining DEFENDANTS and any and all persons acting in concert with them from
27  engaging in each of the unlawful practices and policies set forth herein.

28      159.   PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc

1   Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted

2   by law.

3   ///

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated: December 28, 2023

CROSNER LEGAL, PC

By: _____

Jamie K. Serb, Esq.
Brandon Brouillette, Esq.
Zachary M. Crosner, Esq.
Attorneys for Plaintiff,
ROBERT MARTINEZ

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated: December 28, 2023                                    **CROSNER LEGAL, PC**

By: _____
Jamie K. Serb, Esq.
Brandon Brouillette, Esq.
Zachary M. Crosner, Esq.
Attorneys for Plaintiff,
ROBERT MARTINEZ

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jamie Serb (SBN 289601), Brandon Brouillette (SBN 273156)<br>Zachary M. Crosner (SBN. 272295)<br>CROSNER LEGAL PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210<br>  TELEPHONE NO.: (866) 276-7637    FAX NO. *(Optional)*: (310) 510-6429<br>  E-MAIL ADDRESS: jamie@crosnerlegal.com, bbrouillette@crosnerlegal.com, zach@crosnerlegal.com<br>ATTORNEY FOR *(Name)*: Robert Martinez | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/28/2023** at 05:23:16 PM<br>Clerk of the Superior Court<br>By Ines Quirarte,Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Robert Martinez v. IHG Management (Maryland) LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000)    [ ] **Limited**<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Keri Katz<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 8
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: December 28, 2023

Zachary Crosner
_____
(TYPE OR PRINT NAME)          ▶ _____
                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

---

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

1   JAMIE SERB, ESQ. (SBN 289601)
    jamie@crosnerlegal.com
2   BRANDON BROUILLETTE, ESQ. (SBN 273156)
    bbrouillette@crosnerlegal.com
3   ZACHARY M. CROSNER, ESQ. (SBN 272295)
    zach@crosnerlegal.com
4   **CROSNER LEGAL, PC**
    9440 Santa Monica Blvd. Suite 301
5   Beverly Hills, CA 90210
    Tel: (866) 276-7637
6   Fax: (310) 510-6429

7   Attorneys for Plaintiff ROBERT MARTINEZ
    As an individual on behalf of PLAINTIFF and
8   on behalf of all others similarly situated

9

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

01/03/2024 at 10:30:00 AM

Clerk of the Superior Court
By Mariejo Guyot, Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **COUNTY OF SAN DIEGO**

12

13   ROBERT MARTINEZ, as an individual and        Case No.: 37-2023-00056196-CU-OE-CTL
     on behalf of all others similarly situated,
14
                                                   **PLAINTIFF'S PEREMPTORY**
15              Plaintiff,                          **CHALLENGE OF THE HONORABLE**
                                                   **KERI KATZ; DECLARATION OF**
16        v.                                       **ZACHARY M. CROSNER IN SUPPORT**
                                                   **THEREOF**
17
     IHG MANAGEMENT (MARYLAND)
18   LLC, a Maryland Limited Liability             [Code of Civ. Proc. § 170.6]
     Company; INTER-CONTINENTAL
19   HOTELS CORPORATION, a Delaware
     Corporation; INTERCONTINENTAL
20   HOTELS GROUP RESOURCES, LLC, a
     Delaware Limited Liability Company; and
21   DOES 1-100, inclusive,

22              Defendants.

23

24

25

26

27

28

1      The attorneys for Plaintiff ROBERT MARTINEZ ("Plaintiff") in the above-entitled action,

2  which involves contested issues of law and fact, and which has been assigned for all purposes

3  including trial to the Honorable Keri Katz, Judge of the above-captioned Court, respectfully

4  exercise a peremptory challenge pursuant to Code of Civil Procedure section 170.6 and request that

5  this case be reassigned from the Honorable Keri Katz to another judge, and that no matters

6  hereinafter arising in this action be heard by or assigned to the Honorable Keri Katz on the grounds

7  that the Judge is prejudiced against Plaintiff and/or the interests of the Plaintiff in this action. This

8  motion is based on the matters contained herein, on California Code of Civil procedure section

9  170.6, and the supporting declaration of Zachary M. Crosner attached hereto and filed herewith.

10     WHEREFORE, Plaintiff prays that the relief herein requested be granted.

12  Dated: January 3, 2024          CROSNER LEGAL, P.C.

15                       Jamie K. Serb, Esq.
                            Brandon Brouillette, Esq.
16                       Zachary M. Crosner, Esq.
                            Attorneys for Plaintiff,
17                       ROBERT MARTINEZ

2

1

## DECLARATION OF ZACHARY M. CROSNER

2    I, Zachary M. Crosner, hereby declare and state under oath and under penalty of perjury as

3    follows: I am an attorney duly licensed to practice law in the State of California and I am a member

4    of the law firm of Crosner Legal, P.C., attorneys of record for Plaintiff ROBERT MARTINEZ

5    ("Plaintiff"), in the above-entitled matter.  I am informed and believe that the Honorable Keri Katz

6    is the judicial officer assigned for all purposes in this matter, including the trial in this action, and

7    is prejudiced against the interests of Plaintiff. On this basis, Plaintiff and the undersigned believe

8    they cannot have a fair and impartial trial or hearing before this Judge.

9    I declare under penalty of perjury under the laws of the State of California that the foregoing

10   is true and correct and that this declaration was executed on this 3rd day of January  2024 at Beverly

11   Hills, California.

12

13

14   _____

ZACHARY M. CROSNER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7074 |

PLAINTIFF(S) / PETITIONER(S):   Robert Martinez

DEFENDANT(S) / RESPONDENT(S):   IHG Management (Maryland) LLC et.al.

MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Keri Katz                                                        Department: C-74

**COMPLAINT/PETITION FILED:** 12/28/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/31/2024 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)   **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**   Page: 1

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00056196-CU-OE-CTL          CASE TITLE: Martinez vs IHG Management (Maryland) LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
>  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
>  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
>  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:      330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):    Robert Martinez |
|---|
| DEFENDANT(S): IHG Management (Maryland) LLC et.al. |
| SHORT TITLE:    MARTINEZ VS IHG MANAGEMENT (MARYLAND) LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00056196-CU-OE-CTL |
|---|---|

Judge: Keri Katz                                          Department: C-74

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____


_____                _____
Name of Plaintiff                               Name of Defendant


_____                _____
Signature                                       Signature


_____                _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney


_____                _____
Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/29/2023

JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000099 000000291

ZACHARY M CROSNER
9440 SANTA MONICA BLVD STE 301
BEVERLY HILLS CA 90210-4614

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7070 | |
| PLAINTIFF: Robert Martinez | |
| DEFENDANT: IHG Management (Maryland) LLC et.al. | |
| Short Title: Martinez vs IHG Management (Maryland) LLC [IMAGED] | |



| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2023-00056196-CU-OE-CTL |
|---|---|

**Filed :** 12/28/2023

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Carolyn Caietti, in Department C-70

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

| | |
|---|---|
| **SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED] | |

| | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2023-00056196-CU-OE-CTL |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 01/04/2024. The mailing occurred at Gardena, California on 01/05/2024.

Clerk of the Court, by: *O. Vasquez*  O. Vasquez , Deputy

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 01/04/2024                    TIME: 02:45:00 PM          DEPT: C-74

JUDICIAL OFFICER PRESIDING: Keri Katz
CLERK: Kim Mulligan
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2023-00056196-CU-OE-CTL**   CASE INIT.DATE: 12/28/2023
CASE TITLE: **Martinez vs IHG Management (Maryland) LLC [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**APPEARANCES**

---

**Re: Peremptory Challenge**

Plaintiff's Peremptory Challenge filed on 01/03/2024 (#21919077) is GRANTED.

The court finds the challenge is timely filed and the party's/attorney's statement meets the requirements of Code of Civ. Proc. §170.6(a)(4).  The case will be reassigned and a notice will be mailed to the parties and/or counsel.

The Court prepares this minute order because no order was filed with the challenge.

IT IS SO ORDERED.

*Keri Katz*

_____
Judge Keri Katz

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Martinez vs IHG Management (Maryland) LLC [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 37-2023-00056196-CU-OE-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the attached minute order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 01/05/2024.

Clerk of the Court, by: _K. Mullican_ , Deputy

ZACHARY M CROSNER
9440 SANTA MONICA BOULEVARD # 301
BEVERLY HILLS, CA 90210

☐ Additional names and address attached.

JAN 1 6 2024

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| JAMIE SERB, ESQ. (SBN 289601)<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd Suite 301<br>Beverly Hills, CA 90210<br>Telephone No: 310-496-4818<br>Attorney For: Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/18/2024** at 07:15:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| Ref. No. or File No.:<br>01153 | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SAN DIEGO |

| Plaintiff: | ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated |
|---|---|
| Defendant: | IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2023-00056196-CU-OE-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Notice of Case Reassignment; Minute Order; Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR); Plaintiff's Peremptory Challenge Of The Honorable Keri Katz; Declaration Of Zachary M. Crosner In Support Thereof

3. *a.* Party served: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company
   *b.* Person served: Ty Chandler, Authorized to Accept Service for Corporate Creations Network Inc., Agent for Service of Process

4. *Address where the party was served:* 5901 West Century Boulevard, Los Angeles, CA 90045

5. *I served the party:*
   **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jan 16 2024 (2) at *(time)*: 04:42 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)             [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
   [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity)           [ ] 415.46 (occupant)
   [X] other: Limited Liability Company



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*10233098
(5577095)*
Page 1 of 2

| Plaintiff: | ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated | Case Number: |
|---|---|---|
| Defendant: | IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company | 37-2023-00056196-CU-OE-CTL |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                    Gabriela Melendez
    b.  Address:                **FIRST LEGAL**
                                 1517 W. Beverly Blvd.
                                 LOS ANGELES, CA 90026
    c.  Telephone number:        (213) 250-1111
    d.  **The fee** for service was:   $65.65
    e.  I am:
        (1)  ☐   not a registered California process server.
        (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒   a registered California process server:
             (i)    ☐ owner   ☐ employee   ☒ independent contractor
             (ii)   Registration No:   5644
             (iii)  County:   Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*


_01/17/2024_                              _____
*(Date)*                                  *Gabriela Melendez*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*10233098
(5577095)*
**Page 2 of 2**