UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT MARTINEZ, et al., | Case No.:  24-cv-0210-L-DEB |
|---|---|
| Plaintiffs, | **SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |
| v. | |
| IHG MANAGEMENT (MARYLAND) LLC, et al., | |
| Defendants. | |

Pursuant to Local Rule 16.1(d), a Case Management Conference was held on **May 22, 2024**. After consulting with the counsel[1] of record for the parties, being advised of the status of the case, and for good cause shown, **IT IS HEREBY ORDERED**:

1. The parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.

---

[1] As used herein, references to "attorneys" and "counsel" include any party representing himself or herself.

2. A telephonic Status Conference will be held on **July 26, 2024 at 2:00 P.M.** Counsel must call the Court's teleconference line at 1-888-398-2342, enter access code 8389272, and press * if prompted for a security code.

## Pleadings

3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **June 21, 2024**.

4. Any Motion for class certification must be filed no later than **September 27, 2024**.

## Discovery

5. All fact discovery shall be completed by all parties no later than **November 29, 2024**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,[2] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** Counsel shall make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the Chambers Rules. **A failure to comply in this regard will result in waiver.  Absent an order of the court, no stipulation to alter or extend the time to comply with this provision will be recognized by the court.**

6. No later than **November 29, 2024**, the parties shall designate their respective experts in writing.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **December 13, 2024**.  The written designations shall include the name,

---

[2] All references to "Rule" are to the Federal Rules of Civil Procedure.

address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

      7.    No later than **December 27, 2024**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial.  In addition, the court may impose sanctions as permitted by Rule 37(c).**

      8.    No later than **January 24, 2025**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

      9.    All expert discovery shall be completed by all parties no later than **February 21, 2025**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

      10.    Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

## Motion Briefing

      11.    Except for motions *in limine*, all pretrial motions must be filed no later than **March 21, 2025**.  As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

      12.    Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make a timely request for a motion date may result in the motion not being heard.

13. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

14. A Mandatory Settlement Conference shall be conducted on **October 23, 2024** at **9:30 A.M.** before **Magistrate Judge Daniel E. Butcher**. The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the MSC are expected to have a command of the facts and applicable law. Counsel and the parties must be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. *All discussions during the MSC are informal, off the record, privileged and confidential.* Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

15. Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[3] This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[4] In the case of a corporate entity, an authorized representative of the corporation who is not retained outside

---

[3] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[4] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

16. The Court will use its Zoom[5] video conferencing account to hold the MSC.[6] Prior to the start of the MSC, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the MSC.[7]

Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the MSC to ensure that the conference begins on time. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which

---

[5] If you are unfamiliar with Zoom: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[6] Counsel may request the MSC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[7] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

Zoom calls Breakout Rooms.[8] In a Breakout Room, the Court will be able to confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

17. No later than **October 16, 2024**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

    a.    The *name and title(s)/position(s) of each participant*, including counsel, all parties and party representatives, and claims adjusters;

    b.    An *e-mail address for each attorney participant* to receive the Zoom video conference invitation;

    c.    A *telephone number where each attorney participant* may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

    d.    A *Confidential MSC Conference Statement*.[9] All confidential MSC Statements must include:

        i.    the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery,

---

[8] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[9] The Court does not require MSC Statements to be served on other parties; however, the parties may elect to share statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

    and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

  ii.  **for plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

  iii.  a brief description of any previous settlement negotiations or mediations; and

  iv.  the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

## Final Pretrial Conference

18.    Memoranda of Contentions of Fact and Law are not required and will not be accepted.

19.    No later than **June 23, 2025**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

20.    No later than **June 30, 2025**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial

conference order.

21.     Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f).  No later than **July 7, 2025**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content.  Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

22.     The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **July 14, 2025**, and shall comply with Local Rule 16.1(f)(6).

23.     The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **July 21, 2025** at **11:00 A.M**.  Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

### **Additional Provisions**

24.     Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

25.     The dates and times set forth herein will not be modified except for good cause shown.

26.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 22, 2024

_____
Daniel E. Butcher
United States Magistrate Judge